## WHEELWRIGHT v. LEMORE et al.

### (Circuit Court, E. D. Louisiana. May 25, 1893.)

### No. 12,019.

TAXATION—REDEMPTION FROM TAX SALES—TENDER.
> Under Const. La. 1879, art. 210, and the statute in pursuance thereof, (Acts 1888, p. 133, being Act No. 85, § 64,) the redemption of lands from a tax sale may be effected by tendering, within one year, the amount of the taxes and interest to the purchaser at the tax sale, and it is immaterial that before the tender he has conveyed his title to a third person.

In Equity. Bill by William D. Wheelwright against Jules Lemore and others to redeem certain lands from a tax sale. It appearing that defendant had conveyed the property to Jaspard Cusachs, the latter was brought in by a supplemental bill. Decree for complainant.

Edgar Howard Farrar, for complainant.
Chretien & Suthon and H. P. Dart, for defendant.

BILLINGS, District Judge. This case is heard on bill and answer alone. It appears from the pleadings and the admissions of the answer that the mortgaged premises had been taxed, and had been sold for the taxes. The original bill was a bill against the purchaser, Lemore, to redeem, averring a tender of the amount of the tax and legal interest thereon, and bringing the money into the court. The defendant, Lemore, answered, and from his answer it appeared that before the tender was made or the suit was brought, he had transferred the property purchased at the tax sale to Jaspard Cusachs, who was brought in by the supplemental bill.

The question in the case is, was the tender to the purchaser good after the sale and conveyance to Cusachs? I think it was. Article 210 of the constitution of 1879 gives to the owner of property that has been sold at tax sale one year in which to redeem, and proceeds as follows: "No sale of property for taxes shall be annulled for any informality in the proceedings until the price paid,

with 10 per cent. interest, be tendered to the purchaser." Act No. 85 of the Acts of 1888, p. 133, § 64, provides as follows:

"That the tender required from the owner of property adjudicated to a purchaser for taxes due, in accordance with article 210 of the constitution, may be made to and deposited with the tax collector, etc.; provided, the same be made within the time required by said article: provided, further, that said tender to and deposit with the aforesaid officer can be made only when the purchaser cannot be found."

The provision that the tender can be made to the tax collector only in case the purchaser cannot be found shows that if he be found the tender must be made to him. Of course, before the expiration of the year the purchaser can sell and transfer his interests in the property, but this does not affect this specific provision as to how the owners are to redeem. No matter what price the purchaser receives for the property, the redemption by the owner can be effected by his tendering the price which the purchaser paid at the tax sale, and, under the statute, the original purchaser is made the party, who, in case of a sale of the premises by him, must be treated by his grantee as the person authorized to receive the amount to reimburse the purchaser for the amount he paid, with the statutory 10 per cent. interest. Maunus v. Beynet, 31 La. Ann. 462, holds that after the year for redemption has expired the vendee or the original purchaser may receive the deed of the property from the tax officer. This does not qualify at all the inference which must be drawn from the statute, that up to the expiration of the year the original owner has the right to relieve himself from all the effects of the tax sale by tendering to the original purchaser, if he can be found, the amount of the tax, for which the sale was made, with 10 per cent. interest. No question is made as to the amount of the tender. The question presented is, was the tender to the purchaser after a conveyance by him to another party according to the statute? I think it was. The decree must be that the defendants join in a conveyance to the corporation, the St. Louis, New Orleans & Ocean Canal & Transportation Company, for whose benefit the tender is in law presumed to have been made of the premises sold at the tax sale and fully described in the bill of complaint, and that defendants bear the costs of the suit.