SARAH F. TURNER ET AL. v. WADE M. SMITH ET AL.

Decided May 12, 1909.

**1.—Tax Sale—Redemption.**

Article 5187 of the Revised Statutes gives the owner of land the right to redeem same from a tax sale within two years by payment or tender to the purchaser at such tax sale, and those acquiring an interest in the land during such period by a transfer from such purchaser duly recorded take the same subject to the right so given the owner to redeem from the original purchaser.

**2.—Same—Judgment.**

A judgment sustaining the validity of a tax sale but giving the owner the right to redeem within two years from a purchaser or his assignee, did not deprive him of his right to redeem from the original purchaser disregarding the rights of assignees.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*J. A. Martin, Francis J. Winter* and *Mott & Armstrong,* for appellants.—The statute concerning the redemption of land from tax sales specifies the persons to whom the redemption money may be paid, viz., the purchaser, his heirs or legal representatives. Assignees are significantly omitted from the category. Compliance with the statute is sufficient. The evident purpose of the Legislature was to make easy and certain the method of redemption, and the courts will so construe the law as to effectuate that purpose. Batts' Rev. Stats., art. 5187; General Laws 1905, p. 118; Logan v. Logan, 72 S. W., 418, 31 Texas Civ. App., 295; Burns v. Ledbetter, 54 Texas, 381; 2 Cooley on Taxation, 1023-24, 1025, note 3; Faxon v. Wallace, 98 Mass.. 45; s. c., 101 Mass., 444; Wheelwright v. Lemore, 56 Fed., 163.

*Allen & Hart,* for appellee.—A claimant to land, having either a legal or an equitable title to an undivided portion thereof, is entitled to have the same partitioned in a suit brought for that purpose. Articles 3606, 3610, 3611, Revised Civil Statutes; Reed v. Howard, 71 Texas, 204; Ross v. Armstrong, 25 Texas Supp., 371.

The interest of the appellee, Smith, in the land in controversy being such an interest as could be set up in a suit of trespass to try title, and all the parties being before the court who had any interest in the land, it was proper for the court to determine the interest and title of each. Article 3610, Revised Civil Statutes; Land Co. v. Wood, 71 Texas, 464; Neill v. Keese, 5 Texas, 30; Easterling v. Blythe, 7 Texas, 214; Miller v. Alexander, 8 Texas, 42; Wright v. Thompson, 14 Texas, 561; New York & T. Land Co. v. Hyland, 8 Texas Civ. App., 601.

FISHER, CHIEF JUSTICE.—*Nature and result of the suit and findings of fact.*—This suit was instituted by Wade M. Smith and J. M. Thornton against the appellants Sarah F. Turner and J. G. Winter, for a partition of the lands in controversy, which are situated in Stonewall County, Texas.

Appellants for answer filed a general denial, specially denying that the appellees had any title to the land in controversy, and alleging that the sole title thereto was in the appellants.

The case was tried before the court without a jury, and judgment was rendered in favor of appellees on the question of title and decreed partition, as prayed for. Upon request, the trial court found the following facts:

"1.—That on and before April 20, 1904, the defendants J. G. Winter and Sarah Floyd Turner were the owners, jointly, of the land described in the plaintiffs' petition. That on the 20th day of April, 1904, the State of Texas recovered judgment in the District Court of Stonewall County, Texas, against the unknown owners for taxes due on the land described in plaintiff's petition for the years 1899, 1900, 1901 and 1902, and for foreclosure of lien on said land for said taxes.

"2.—That orders of sale were issued under said judgment and delivered to the sheriff of Stonewall County, and that he levied upon the property described in the plaintiff's petition and advertised the same for sale, as required by law.

"3.—That on the first Tuesday in June, 1904, said property was sold by said sheriff to T. W. Robinson and S. E. Owen, and they became the purchasers of said lands at said sale.

"4.—That on June 21, 1904, the said defendants Turner and Winter filed in the District Court of Stonewall County a suit against T. W. Robinson, S. E. Owen and R. D. Senter, as sheriff, alleging that they were the owners of said land described in the plaintiff's petition, together with other land which had been sold under judgment and order of sale as hereinbefore found as a conclusion of fact, said defendants alleging, amongst other things, that they had no notice and no service had upon them, and therefore that the judgment, orders of sale and sale under said judgments were void on account of the lack of said notice and service.

"5.—That the said defendants Turner and Winter prayed for and obtained a restraining order, enjoining the said T. W. Robinson, S. E. Owen and R. D. Senter from dispossessing the said Turner and Winter and their representatives of said lands pending a further hearing in said cause.

"6.—That thereafter, on the first day of November, 1904, at a regu-

lar term of the District Court of Stonewall County, Texas, the said cause of Turner and Winter v. Robinson, Owen and Senter came on for trial and a judgment was entered in said cause, wherein it was ordered, adjudged and decreed that the law was against said Turner and Winter, and the temporary injunction was dissolved and the cause dismissed, and it was further ordered and decreed that the plaintiffs Turner and Winter should have the right to prevent the issuance of any process for possession of the property involved in this cause if they should make legal tender to defendants or those holding under them, within two years from June 7, 1904, of double the sum paid by them on said date in purchase of said land at sheriff's sale under the judgment in said tax suits. And it was further ordered in said cause that in the event the lands in controversy in this suit should not be redeemed from said tax sales within two years from the 7th day of June, 1904, in accordance with law by the defendants, or those holding under them, or if they shall make legal tender to the defendants or those holding under them, then and in that event the clerk should issue writs of possession in said tax suits commanding the proper officer to place the purchaser under the sales made in pursuance of the several judgments entered in said tax suits in possession of said tracts of land as against all persons then in possession of said lands or any part thereof.

"7.—That the above-described judgment was a final judgment, no appeal having been taken from the same.

"8.—That said judgment has never been set aside, reversed or canceled, and more than two years has elapsed since its rendition.

"9.—That on the 10th day of October, 1904, the said T. W. Robinson and S. E. Owen, for a valuable consideration, executed and delivered to one J. N. Whisenant and one R. M. Reed a contract and agreement in writing, wherein the said Robinson and Owen agreed to bargain and convey and make a quitclaim deed unto the said Whisenant and Reed, jointly, of an undivided one-half interest in and to the lands described in the plaintiff's petition in this suit in the event that the said Robinson and Owen shall gain all of the above-described land, and 'that the provisions of this instrument shall be carried out immediately on demand of the said J. N. Whisenant and R. M. Reed, or either of them, or in case of the death of both or either of them, then on the demand of their heirs, executors or administrators.' Said instrument was duly signed and acknowledged by the said T. W. Robinson and S. E. Owen. Said contract and agreement was duly filed with the County Clerk of Stonewall County, and recorded in the deed records of Stonewall County on the 29th day of July, 1905.

"10.—That on the same day, to wit, October 10, 1904, R. M. Reed, for a valuable consideration, executed a quitclaim deed to the said Whisenant of all his interest in said lands under the contract and agreement above set out. Said instrument was acknowledged by the said Reed before the county clerk of Stonewall County on August 7, 1905.

"11.—That on the 20th day of July, 1905, J. N. Whisenant, for a valuable consideration, conveyed by deed all his interest in said lands described in the plaintiff's petition to the plaintiff herein, Wade M.

Smith, which said deed was duly acknowledged on the same day, duly filed for record and recorded by the county clerk of Stonewall County, Texas, on the 29th day of July, 1905.

"12.—That no money had been tendered or paid by the said Turner and Winter to any person in accordance with the decree of the District Court of Stonewall County, prior to the time of the filing of the above-mentioned instrument on July 29, 1905.

"13.—That on the 26th day of May, 1906, for and in consideration of $1,670, the said T. W. Robinson and S. E. Owen conveyed to the said J. G. Winter and Sarah Floyd Turner, by deed, all their interest in the land described in the plaintiff's petition herein, the object and purpose of said instrument, as stated therein, being 'to vest in said Turner and Winter all the right, title and interest acquired by the said Robinson and Owen in the lands mentioned in said instrument by and under tax proceedings, and to meet and satisfy the provisions of the decree rendered by the District Court of Stonewall County, at the October term, 1904, thereof, at on to wit, November 1, 1904, in cause No. 760, entitled Sarah Floyd Turner et al., plaintiffs, v. T. W. Robinson, S. E. Owen and R. D. Senter, defendants. Said instrument was duly acknowledged on the 28th day of May, 1906, and filed for record on the same day in office of the county clerk of Stonewall County, Texas, and duly recorded on the 8th of June, 1906.

"14.—That on the 16th day of April, 1907, the plaintiff herein, for a valuable consideration, executed a quitclaim deed to the defendant herein, J. M. Thornton, of an undivided interest of 25 acres in each of the tracts of land described in the plaintiff's petition herein.

"15.—That no tender was ever made to the plaintiff herein of any part of the redemption money paid by Winter and Turner to Robinson and Owen, nor has the plaintiff herein ever received any part thereof.

"16.—That the land described in the plaintiff's petition is subject to partition."

Upon these facts the court reached the following conclusions: "I conclude that the instruments in writing pertaining to the land in controversy, recorded in Stonewall County, and offered in evidence in this case, and mentioned in the findings of fact herein, passed a one-half interest in the lands described in the plaintiffs' petition to the plaintiff Wade M. Smith, subject to the right of redemption by the said Turner and Winter, and that the said instruments so recorded were such that under the law the defendants Winter and Turner were put upon notice from and after the recording of said instruments of the rights and interest in and to said land held by the plaintiff in this suit under the purchasers of said land under the sale for taxes and the judgment of the District Court of Stonewall County, on the first day of November, 1904, and therefore the plaintiff is entitled to partition as prayed for."

In addition to these findings, it might be stated that there was no assignment or transfer from Robinson and Owen of any claim to the fund necessary to redeem to the appellees or their vendors. The conveyance executed by Whisenant to appellee Smith was a quitclaim deed. It also appears that the deed executed by Robinson and Owen

to Whisenant and Reed, of date October 10, 1904, contained the following recitals: "That we, T. W. Robinson and S. E. Owen, of the county and state aforesaid, for and in consideration of the sum of $25 paid by J. M. Whisenant, the receipt of which is hereby acknowledged, and for the further consideration of the services rendered by R. M. Reed, an attorney-at-law, in the case of Mrs. Sarah Floyd Turner *v.* T. W. Robinson, S. E. Owen and R. D. Senter, No. 760, now pending in the District Court of Stonewall County, Texas, we hereby agree to bargain and convey and make quitclaim deed unto the said Whisenant and Reed jointly, an undivided one-half of all of our interest in and to certain parcels or tracts of land situated in Stonewall County (here follows a description of the land in controversy). This instrument, however, is executed upon the following conditions: That the above-described land, together with three other sections of land known and described as follows (here follows another description) is all in litigation in the above-styled and numbered cause, and in the event the said Robinson and Owen shall gain all of said lands, then the provisions of this instrument shall be carried out immediately on demand of the said Whisenant and Reed, or either of them, or in case of death of both or either of them, then on demand of their heirs, executors or administrators."

The deed contains other recitals, but we have stated enough to answer the purpose for which this instrument will be used in preparing the opinion of the court. The case of Turner *v.* Robinson and Owen, referred to in the above deed, was disposed of in the District Court of Stonewall County on November 1, 1904, by a judgment as follows:

"This day the above-styled and numbered cause came on for trial, and all parties announced ready and a jury being waived, the matters of fact, as well as those of law, were submitted to the court, and having heard the evidence and the argument of counsel, the court is of the opinion that the law is against the plaintiffs.

"Wherefore it is considered, ordered, adjudged and decreed by the court that the injunction heretofore granted in this cause by Hon. J. M. Morgan, Judge of the Fiftieth Judicial District of Texas, be and the same is hereby dissolved and this cause dismissed; and

"It is further ordered and decreed that no writ of possession or other process for possession for any of the premises in controversy shall be issued or served by any of the officers of this court to place the defendants in possession of said premises, either out of this case or any of the tax suits referred to in the pleadings herein, within two years from June 7, 1904.

"And it is further ordered and decreed that the plaintiffs, if they be the owners of the lands described in their pleadings herein (and the question of their ownership of said lands is not adjudicated in this suit), shall have the right to prevent the issuance of any such process if they shall pay the defendants, or those holding under them, or if they shall make legal tender to defendants, or those holding under them, within two years from said June 7, 1904, double the sum paid by them on said date in purchase of said land at sheriff's sale under the judgment in said tax suits.

"And it is further ordered and adjudged that the plaintiffs, Sarah

Floyd Turner and John G. Winter, pay all costs in this suit, for which let execution issue.

"And it is further ordered that in the event the lands in controversy in this suit shall not be redeemed from said tax sales within two years from the 7th day of June, 1904, in accordance with law by the owners thereof, then in that event the clerk of this court shall issue writs of possession out of causes numbers 739, 750, 751, 752 and 755, each styled the State of Texas v. Unknown Owners, commanding the proper officer to place the purchaser under sales made in pursuance of the several judgments entered in the above-mentioned causes in possession of said tracts of land as against all persons then in possession of said lands or any part thereof."

*Opinion.*—The superior right of the owner to the possession and title to lands sold for taxes is not affected or extinguished until the time for redemption has expired. Bente v. Sullivan, 115 S. W., 351. And while it is true the purchaser at tax sale may sell or convey whatever right he has acquired, his vendee would acquire no greater right than was possessed by the purchaser, and any supposed right he might acquire would be subject to the right of the owner to redeem within the period of time required by law. Before that time had expired the appellants Winter and Turner paid to Robinson and Owen the full amount necessary to be paid in order to redeem. It may be true that the appellants were charged with notice of the supposed conveyance executed by Robinson and Owen to Whisenant and Reed, and of the various documents in the line of appellees' title and of the instruments under which they hold, but were they, under the law of this State or the judgment rendered in cause No. 760 above set out, required, in order to redeem, to pay the redemption money to any one but the original purchasers Robinson and Owen? Article 5187 of the Revised Statutes says that "the owner of real estate sold for taxes, or his heirs or assigns or legal representatives, may, within two years from the date of sale, redeem the estate sold by paying or tendering to the purchaser, his heirs or legal representatives, double the amount paid for the land." The appellants, in redeeming, complied with the literal terms of this statute. The payment was made to the purchaser, and the word "purchaser" here used is evidently intended to be limited and applied to the party who purchases at the tax sale. Statutes of this character are liberally construed in favor of the owner, and the question arises, Must he go outside of this statute to hunt up, in order to redeem the land, some one to whom the original purchaser has attempted to convey? Such a construction of the statute would burden the owner with a duty not exacted by the terms of the law, and would require the owner at his peril to correctly determine the merits of the supposed title acquired by the vendee from the original purchaser. Such was obviously not the intention of the Legislature as gathered from the words of this statute. The right is expressly reserved to the owner to redeem only from the purchaser, his heirs or legal representatives. When the vendee of the purchaser acquired his supposed right, he did so with knowledge of the fact that the law expressly allowed the owner to redeem from the purchaser, and if he desired pro-

tection against the exercise of this privilege he could have provided for it in his contract of purchase.

In Wheelwright v. Lemore, 56 Fed., 163, under a statute not as favorable to the owner as the one in question, the court held that a tender of the redemption fund to the original purchaser was sufficient, although he had conveyed to a third party. Furthermore, the judgment rendered in cause No. 760, Turner et al. v. Robinson and Owen, expressly protects the owner in his right to redeem from the purchaser at the tax sale. This judgment is referred to in some of the conveyances in appellees' line of title, and they all must be charged with notice of its terms and the right there accorded to 'the appellants. In fact appellees in their brief seek to claim a benefit from the terms of this judgment, in that it burdens the appellants with the duty of redeeming from the vendees of the original purchasers. The judgment expressly confers upon the appellants the privilege of redeeming from the defendants, who were Robinson and Owen, or those holding under them. It was not the purpose of this judgment to enlarge the statute, but it merely accords to Turner and Winter the privilege of redeeming from those holding under the original purchasers. It says: "Shall pay to the defendants (who are Robinson and Owen) or tender to the defendants, or those holding under them, the amount due," etc. The words "shall pay to the defendants or those holding under them" evidently means that they can pay to either.

These views lead to the opposite conclusion from that reached by the trial court, and as there is no question as to the facts, the judgment below will be reversed and judgment here rendered to the effect that the appellees take nothing by this suit, and that the title to the land in controversy be decreed in appellants.

*Reversed and rendered.*

Writ of error refused to appellee.