

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-5072
Re: Whether property purchased by
taxing unit is taxable and
whether such property may be
sold at private sale.

We have received your letter of January 27, 1943, in
which you enclose a letter from Mr. E. O. Larkin, Superintend-
ent of Schools of the Three Rivers Independent School Dis-
trict. You request our opinion on two questions asked in
Mr. Larkin's letter. Such questions read as follows:

"The Three Rivers School board employed a
delinquent tax collector, who sued and receiv-
ed judgment on some real estate. At the adver-
tised sale, no one would bid the property in for
as much as the taxes and court costs were, there-
fore, the school bid them in, and wish to sell
them. We have several buyers that will take the
property off our hands. Can we sell as a private
body and sale giving a quit claim deed or do we
have to go back to court and resell at public
sale - even though the public sale has been held
once.

"Question No. 2. Where the school bids in said
property, are the taxes, State, County and School
automatically stopped or do we render the property
and file for exemption?"

Though neither Mr. Larkin's letter nor your letter
states so, we assume that the property was purchased under
the terms of Article 7345b, Vernon's Annotated Civil Statutes,
by the school district for the use and benefit of itself and
the other taxing units which were parties to the foreclosure
suit and which were in said suit adjudged to have tax liens
against such property. This opinion is expressly written on
such assumption, and is limited accordingly.

Section 12 of Article 7345b fixes a period of two

years after property is sold at foreclosure sale under judgment of a tax suit, in which the owner of such property or anyone having an interest therein may redeem the property, under the conditions named in said section.

Section 9 of Article 7345b provides, in part, as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.

"Provided that if sale has not been made by such purchasing taxing unit before six months after the redemption period provided in Section 12 hereof has expired, it shall thereafter be the duty of the Sheriff upon written request from any taxing unit who has obtained a judgment in said suit, to sell said property at public outcry to the highest bidder for cash at the principal entrance of the courthouse in the

county wherein the land lies, after giving
notice of sale in the manner now prescribed for
sale of real estate under execution."

It is established in this State that a purchaser of
land at a tax sale acquires no title to the land until the
period of redemption has expired and that any right acquired
at such sale is subject and subordinate to the right of the
owner to redeem the land at any time within the redemption
period. Rogers v. Moore, 100 Tex. 220; Bente v. Sullivan,
115 S.W. 350; McGraw v. Potts, 27 S.W. (2d) 550. However,
it has been held that the purchaser of land at a tax sale
may sell the land before the expiration of the redemption
period, subject to the right of redemption. In other words,
the purchaser at a tax sale (here, the school district) may,
before the period of redemption has expired, sell or convey
or assign its right to receive the redemption money from the
owner together with the title which will vest upon failure
to redeem the property within the statutory period. See
Turner v. Smith, 119 S.W. 922 (error refused); Opinion No.
0-950.

Section 9 of Article 7345b authorizes both private
and public sales, and a private sale may be made either be-
fore or after the redemption period. However, the taxing
unit which purchased the property may not sell the same for
less than the adjudged value thereof or the amount of the
judgments against the property in the suit, whichever is low-
er, without the written consent of all the other taxing units
which in the judgment have been found to have tax liens against
such property. Opinions No. 0-1939, No. 0-3977.

In answer to your first question, it is our opinion
that the school district may, before the period of redemption
has expired, sell, convey, or assign at private sale its
right to receive the redemption money from the owner, to-
gether with the title which will vest upon failure to redeem
within the statutory period, subject to the conditions set
forth in the preceding paragraph. If the period for redemp-
tion has expired and full title to the property has, there-
fore, passed to the school district, it may convey the prop-
erty subject to the same conditions. In Opinion No. 0-950
we said the following:

"It is our opinion that the right to re-
ceive the redemption money should be conveyed
by a quitclaim deed to the land containing an
assignment clause by which the grantee is spe-
cifically assigned the right to collect the
money from the owner and to issue to him a re-

ceipt for the same.  The statute does not pro-
vide that the purchaser shall execute such a
receipt but the owner would have the right to
demand and receive some evidence in writing
that he had redeemed his land within the time
and manner provided by law."

In your second question you ask whether the land pur-
chased by the school district at the tax sale is taxable.
We have answered this question in Opinion No. 0-3624.  In
conformity with that opinion you are advised that until the
two year period of redemption has expired, title to the prop-
erty remains in the owner, and that, therefore, the property
should be carried on the current tax rolls and assessed for
taxes during the two year period against said owner and not
the school district.  If the property is not redeemed within
the two year period, then the rights that the purchasing tax-
ing unit acquired at the foreclosure sale blossom into full
title, and the property should not thereafter be continued
to be assessed upon the current tax rolls of the various tax-
ing units in the suit.

                              Very truly yours

                              ATTORNEY GENERAL OF TEXAS


                              By s/George W. Sparks
                                 George W. Sparks
                                 Assistant

GWS/s/wc


APPROVED FEB 15, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman