## W. D. HILL V. N. I. HARRIS ET AL.

Decided February 27, 1908.

**1.—General Denial—Effect—Pleading.**

Where a defendant files a general denial and also a special answer, it is error for the trial court, upon sustaining exception to the special answer, to render judgment for the plaintiff. By reason of the general denial the plaintiff is required to prove the material allegations of his petition.

**2.—Tax Sale—Joint Owner—Redemption.**

Where land belonging to several tenants in common has been sold for taxes, one of the tenants in common has no right to redeem the entire tract from the purchaser at tax sale unless authorized by the other joint owners to do so.

Error from the District Court of Panola County. Tried below before Hon. Richard B. Levy.

*H. N. Nelson,* for plaintiff in error.

No brief for defendants in error.

WILLSON, CHIEF JUSTICE.—Defendant in error, N. I. Harris, joined by her husband, F. D. Harris, sought by her suit to have cancelled and annulled as a cloud on her title to 160 acres of land in Panola County, a deed made by the sheriff of said county conveying said land to the plaintiff in error. In her original petition she alleged that she was the owner of the land; that the same was levied upon and sold June 2, 1903, by virtue of an execution issued out of the District Court of Panola County on a judgment rendered against the unknown owners of the land at the suit of the State for the taxes due thereon for the years 1886 to 1901, and that at the sale plaintiff in error was the purchaser; that before the expiration of two years from the date of the sale she tendered to plaintiff in error double the amount paid by him for the land, which he refused to receive; and that by virtue of said sheriff's deed plaintiff in error was asserting a right to the land.

Plaintiff in error answered by a general denial; and specially, that Mrs. Harris was the owner of only a one-eighth interest in the land, and that the owners of the other interests had never offered to redeem same. The answer admitted the right of Mrs. Harris to recover her interest, but denied that she had a right to recover the other interests. The answer was excepted to on the ground that it showed "that one joint tenant made the tender of the amount

required to redeem the land for all of the cotenants, and that such tender ended the title of the defendant." The exception was sustained. It seems defendants in error then filed a "trial amendment," in which they alleged that the tender made by Mrs. Harris was "for and on behalf of all the joint owners of said land" and by their authority. In reply plaintiff in error filed his "first supplemental answer," in which he denied the truth of the allegations in the trial amendment, and alleged that the tender to him was made by one Marion Robertson, acting for defendants in error under a power of attorney from them, and that at the time the tender was made Robertson declared that he represented defendants in error alone, and in making the tender was acting for them alone.

With the pleadings as stated, after sustaining the demurrer to the original answer of the plaintiff in error, "the defendant declining to amend," the judgment recites, "upon the admission in the answers and pleadings of the defendant," the court proceeded to render a judgment cancelling and annulling the sheriff's deed, adjudging the costs of the suit against plaintiff in error, and directing the clerk to pay over to him the money tendered to redeem the land and paid into the registry of the court.

The assignments of error complain of the action of the court, on the refusal of plaintiff in error to amend his pleadings, in rendering judgment "upon the admission in the answers and pleadings of the defendant" merely. We think the assignments must be sustained. Mrs. Harris had the right, on paying to the purchaser double the amount of the proportionate part of the taxes representing her interest in the land, to redeem that interest. (Sayles' Stat., art. 5232m.) Unless authorized by the other joint owners to do so, she had no right as against the purchaser to redeem their interests. The effect of the general denial in the answer of the plaintiff in error was to require Mrs. Harris to prove the material allegations in her petition. Clearly it was error, by sustaining the demurrer to the entire answer including the general denial, to relieve her of the burden of making such proof, unless other portions of the answer admitted the truth of such material allegations. One of those allegations was that the tender was made "for and on behalf of all the joint owners of the land." Not only was the truth of this allegation not admitted in the answer, but, on the contrary, its truth was expressly denied.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*