### John L. Jackson v. May C. Maddox et al.

#### Decided January 30, 1909.

**1.—Tax Sale—Redemption—Ownership—Statute Construed.**

A law authorizing the redemption of lands sold for taxes ought to receive a liberal and benign construction in favor of those whose estate would otherwise be divested. Any right which in law or equity amounts to an ownership in the land; any right of entry upon it, to its possession, or enjoyment of any part of it which can be deemed an estate in it, makes the person so invested the owner so far as it is necessary to give him the right to redeem.

**2.—Same.**

Proof of title is not necessary in order to redeem, but only proof of some connection with the title. The court is not bound to decide between adverse claimants before allowing redemption.

**3.—Same—Case Stated.**

    Where the evidence showed that plaintiffs were the heirs of M. who held the land in controversy under a recorded deed; that H. was in possession of the land as tenant of M. at the time of its sale for taxes and at the time the purchaser at said tax sale, shortly thereafter, demanded and obtained from him possession of said land, the plaintiffs were such owners as entitled them to redeem the land from the tax sale.

**4.—Same—Judgment—Estoppel.**

    Where the judgment foreclosing a tax lien was against the unknown owner and M., the purchaser of the land under such judgment cannot dispute the right of the heirs of M. to redeem the land from the sale.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Hunter & Hunter,* for appellant.

*Robt. G. Johnson,* for appellees.

SPEER, Associate Justice.—Appellees May C. Maddox and Marguerite Ann Maddox, surviving wife and daughter, respectively, of R. E. Maddox, filed this suit against appellant to secure an enforced redemption of certain land from a tax sale. The plaintiffs had judgment and the defendant has appealed.

The gist of appellant's contention is that appellees were not such owners under the statute as that they were entitled to redeem. The statute conferring the right of redemption reads as follows: "Where lands are sold under the provisions of this chapter the owner or anyone having an interest therein shall have the right to redeem said land or his interest therein, within two years from the date of said sale upon the payment of double the amount paid for the land." (Sayles' Texas Civil Statutes, article 5232n.) The rule of construction as applied to this character of statute is well stated in the oft cited case of Dubois v. Hepburn (U. S.), 10 Peters, 1, as follows: "A law authorizing the redemption of lands sold ought to receive a liberal and benign construction in favor of those whose estates will be otherwise divested, especially where the time allowed is short, an ample indemnity given to the purchaser, and a penalty is imposed on the owner. The purchaser suffers no loss; he buys with full knowledge that his title can not be absolute for two years; if it is defeated by redemption it reverts to the lawful proprietors. It would therefore seem not to be necessary for the purpose of justice or to effectuate the objects of the law that the right to redeem should be narrowed down by a strict construction. In this case we are abundantly satisfied that it comports with the words and spirit of the law to consider any person who has any interest in lands sold for taxes as the owner thereof for the purposes of redemption. Any right which in law or equity amounts to an ownership in the land; any right of entry upon it, to its possession or enjoyment, or any part of it, which can be deemed an estate in it, makes the person the owner so far as it is necessary to give him the right to redeem." Mr. Blackwell in his work on tax titles, after quoting the above language, adds that: "Proof of title is not necessary in order to redeem, but only proof of some

connection with the title, past or present, by deed, descent, contract or possession, is all that is necessary to prevent impertinent applications. If this is made out the right to redeem is sustained, though in reality the title may be in another. The court is not bound to decide between adverse claimants to the title before allowing redemption." See that author, section 707. The same writer further says (section 728) : "Statutes favoring redemption are to be liberally construed; for the sale of land for taxes is the nearest approach to tyranny that exists in a free government, and whatever tends to modify its severity is favorable to the citizen and to rights of property and to justice."

The evidence in the present case shows without dispute that appellees are the surviving heirs of R. E. Maddox, deceased, and that one Harwell went into possession of the land as tenant of R. E. Maddox "from six to ten years ago," and continued in possession as such tenant until August, 1906, when on demand of appellant he delivered possession to him, the tax sale having taken place July 3, 1906. There was also in evidence a deed from Hugh Thomason to Thomas J. Beall, dated July 20, 1872, and one from Thomas J. Beall to R. E. Maddox, dated December 24, 1884, conveying the land in controversy. These deeds were of record on the deed records in Tarrant County. In submitting the case to the jury the trial court virtually instructed a verdict for appellees if the deceased, R. E. Maddox, was by tenant in possession of the land at the time of the rendition of the foreclosure judgment, and in this we think there was no error. When judged in the light of the rule above indicated, it is quite clear that appellees were such owners of the land in controversy as to be entitled to the benefits of the statute.

Moreover, it will be observed that the statute confers the right of redemption not only upon the owner, but upon "anyone having an interest" in such land, and the appellees, who are shown through their ancestor to have been in possession of the land for a number of years under deeds duly recorded, and which possession may, under our statute, especially when accompanied by the payment of taxes, ripen into a full title, certainly have an interest therein. We are further of the opinion that no other judgment than one in favor of appellees could have been rendered, because the very judgment under which appellant claims was a foreclosure against "unknown owner and R. E. Maddox," reciting that they "owned or claimed some right to, interest in, lien or claim against" the land, and appellant can not be held to dispute the right of these appellees as heirs of said Maddox to redeem such interest. (Campbell v. Packard, 61 Wis., 88.)

It will be observed that we have treated the case, as appellant insists we should, as though appellees were limited in their right to recover as heirs of R. E. Maddox, when in fact they introduced in evidence quitclaim deeds from two of the heirs of one Terrell, deceased, in whom the record exhibited the title in regular sequence from the sovereignty of the soil. We have taken no heed of this matter, however, in view of our conclusions above indicated. We find no error in the judgment and it is affirmed.

*Affirmed.*