## BUSH v. BUSH et al. (No. 252.)

(Court of Civil Appeals of Texas. Waco. June 25, 1925. Rehearing Denied Oct. 8, 1925.)

**1. Tenancy in common ⊙⊸19(2), 20(1)—Purchase at tax sale benefits all cotenants; former tenant in common may acquire entire property by purchase from outsider after dissolution of cotenancy and eviction from premises.**

Cotenant, purchasing property at tax sale, does so for benefit of all cotenants, and cannot claim title as against his cotenants, but, in absence of fraud, where cotenancy has been actually dissolved and parties evicted from premises, former tenant in common may acquire entire property by purchase from outsider.

**2. Taxation ⊙⊸697(4)—Original owners of property, sold for taxes may retain possession and redeem within two years, by paying double amount of sale · price.**

Original owners of property, sold for taxes, may retain possession for two years from date of sale and redeem during such time, by paying double amount for which property was sold, under Rev. St. art. 7696.

**3. Tenancy in common ⊙⊸20(1)—Redemption of property, sold for taxes through negligence or fraud of party redeeming, is for benefit of all his former cotenants.**

Where party, liable for payment of taxes, permits them to become delinquent, and, through his negligence or fraud, permits sale of property to stranger, his subsequent redemption thereof, by paying taxes and penalties, is for benefit of all his former cotenants, though time for redemption has expired.

**4. Taxation ⊙⊸721 — Purchaser at tax sale may permit redemption by former owners after expiration of statutory time.**

Purchaser at tax sale may retain title to property after expiration of time for redemption, but may permit former owners to redeem on terms and conditions fixed by him.

**5. Tenancy in common ⊙⊸38(8)—Finding that wife redeemed property from tax sale for benefit of both herself and husband held supported by evidence.**

Finding that wife redeemed property from tax sale after statutory time for benefit of both herself and husband as former co-tenants *held* supported by evidence.

**6. Appeal and error ⊙⊸1010(1)—Interest in property, redeemed from tax sale by another, held fact question for lower court.**

Whether husband and his grantees were entitled to interest in property, redeemed from tax sale, by wife, after expiration of statutory redemption period, *held* question of fact for court, whose judgment in their favor should not be disturbed, where supported by evidence.

**7. Appeal and error ⊙⊸1013—Refusal to allow rents and money paid on property after divorce from cotenant redeeming from tax sale not disturbed.**

Refusal to allow husband and his grantees rents and money paid out on property by him after his divorce from defendant, who redeemed property, which they had owned in common, from tax sale, will not be disturbed, where record does not show how long husband remained out of possession after eviction, or whether defendant was occupying property, and testimony as to whether he paid note against it after divorce was conflicting.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Jerry Bush, Jr., and others against M. E. Bush. From a judgment for plaintiffs in part, defendant appeals. Affirmed.

E. B. Baker, of Waco, for appellant.
Barney Garrett, of Waco, for appellees.

BARCUS, J. This suit was instituted by appellee to recover of appellant an undivided one-half interest in four lots in the city of Waco. Jerry Bush, Jr., and M. E. Bush were married in 1908, and in 1909, purchased the property in controversy and built thereon a home, which they continued to occupy until March, 1924. In November, 1921, the property was sold at tax sale to A. S. Jackson, a brother of appellant, for $83 taxes due the city of Waco. In December, 1923, appellant's father died, leaving property from which she received about $600. On December 22, 1923, she inquired of her brother, A. S. Jackson, the amount of taxes which he had paid on said property, and he informed her that the amount was $537, and she paid said amount to A. S. Jackson, who, in consideration therefor, conveyed the property to appellant as her separate estate.

Shortly after the execution of said deed, appellant filed suit for a divorce from appellee Bush, and same was granted in March, 1924. In the divorce proceedings nothing was said about and no disposition was made of property rights. Appellees contend that appellant, in taking the deed from A. S. Jackson, redeemed same from the tax sale as the cotenant of Jerry Bush, and her redemption thereof inured to his benefit. In his petition, appellee Jerry Bush alleged that he had been evicted from the premises in March, 1924, and was entitled to one-half · of the

rental value of the property after said date, and he also claimed that he had paid a note against the property of about $80 since the divorce, and was entitled to be reimbursed for one-half thereof. He alleged that the property was not subject to division in kind, and prayed that same be sold, and that his pro rata of the rents and appellant's pro rata of the note which he had paid be offset against the taxes appellant had paid, and that after appellant had been paid the remainder due her for the money she had paid to redeem the property from taxes, that the balance of the proceeds be divided equally between them. While the cause was pending in the trial court, appellee Jerry Bush conveyed a one-half interest of his interest to his attorneys, who made themselves parties plaintiff, and who are appellees here.

The cause was tried to the court, and resulted in a judgment being entered, decreeing the property to be the joint property of appellees and M. E. Bush, and ordering same sold by a trustee appointed by the court, and directing that the proceeds be used, first, to pay appellant the $537 she had paid to A. S. Jackson, and the remainder to be paid one-half to appellant, one-fourth to Jerry Bush, and one-fourth to his attorneys. The trial court found against Jerry Bush on his claim for rents, as well as on his claim for money paid on the property after the divorce was granted. The trial court did not file any findings of fact or conclusions of law. A statement of facts, however, accompanies the record.

The controlling issue involved in this litigation is whether appellee Bush obtained any interest in the property by virtue of the deed from A. S. Jackson to appellant.

[1] The general rule is that a cotenant, who purchases property at a tax sale, does so for the benefit of all cotenants, and cannot under said purchase claim title as against his cotenants. 38 Cyc. 48; 7 R. C. L. 863; 17 Am. & Eng. Ency. (2d Ed.) 676; Henyan v. Trevino (Tex. Civ. App.) 137 S. W. 458; Ford v. Weisher (Tex. Civ. App.) 253 S. W. 958. In the absence of fraud, where a cotenancy has been actually dissolved and the parties have been evicted from the premises, there is nothing which forbids a former tenant in common from acquiring the entire property by purchase from an outsider. He then has the same rights as any other person. 17 Am. & Eng. Ency. (2d Ed.) 677; 7 R. C. L. 861; 38 Cyc. 44; McLawhorn v. Harris, 156 N. C. 107, 72 S. E. 211, 37 L. R. A. (N. S.) 831, and notes; Crawford v. Meis, 123 Iowa, 610, 99 N. W. 186, 66 L. R. A. 154, 101 Am. St. Rep. 337; Watkins v. Eaton, 30 Me. 529, 50 Am. Dec. 637; notes to 75 Am. St. Rep. 224.

[2] Where property has been sold for taxes, the original owners are entitled to retain possession thereof for a period of two years from the date of the tax sale, and during said time they may redeem by paying double the amount for which the property was sold at the tax sale. Article 7696, Revised Statutes; Turner v. Smith, 56 Tex. Civ. App. 1, 119 S. W. 922; City of Marlin v. Green, 34 Tex. Civ. App. 421, 78 S. W. 704, 79 S. W. 40.

[3] Where a party, liable for the payment of taxes, permits same to become delinquent, and, through his negligence or fraud, permits the property to be sold to a stranger, and then he redeems the same from the stranger by paying the taxes and penalties occasioned thereby, the weight of authority is to the effect that although the time for redemption has expired, he has purchased or redeemed the same for the benefit of all his former cotenants. 7 R. C. L. 864; Cone v. Wood, 108 Iowa, 260, 79 N. W. 86, 75 Am. St. Rep. 223, and notes; Hoyt v. Lightbody, 98 Minn. 189, 108 N. W. 843, 8 Ann. Cas. 984, 116 Am. St. Rep. 358, and notes; Sanders v. Sanders, 145 Ark. 188, 224 S. W. 732; McGrath v. Smith, 175 Ky. 572, 194 S. W. 806; Brokaw v. Richardson (Tex. Civ. App.) 255 S. W. 687.

[4, 5] In this case, appellee Bush testified that his wife was a school teacher, and that he had been working as a day laborer for $60 per month during their entire married life; that he had always turned all his salary over to his wife, and she had handled all the money they both made, and that she paid all the bills, including taxes; that several years before the property was sold for taxes, there was a lawsuit with the city of Waco as to whether the property in question, together with other tracts, was in the city limits, and that the city finally won the lawsuit, and by reason thereof they had become delinquent in the payment of their taxes; that his wife told him that her brother, A. S. Jackson, would loan them the money with which to pay the taxes, and at different times thereafter she told him that they would have to save their money and pay her brother the taxes he had paid for them. When appellee Bush joined appellant in the sale of the property she inherited from her father, she told him that she would take the money and pay her brother the taxes and get their property clear. Appellant testified that she did not know that A. S. Jackson was going to put the property in her name. There was no suggestion on her part in any of the conversations that the property had to be redeemed within the statutory two years. After the two years had expired, A. S. Jackson was by law entitled to retain the title to the property, but he could, on such terms and conditions as fixed by him, permit the former owners to redeem.

[6] Appellant's testimony was that she paid to her brother, A. S. Jackson, the amount of taxes which he had paid out on the property, and that she had redeemed the same from the tax sale. There is evi-

dence to support the finding of the court that appellant was redeeming the property from the tax sale for the benefit of both herself and her husband. They had continued to live in the permises without being molested up until the time of the redemption by her, and in the divorce proceeding she did not claim the property as her separate estate. While appellant denied most of the material testimony of appellee Bush, it was a question of fact for the court's determination whether appellees were entitled to an interest in the property, and since the evidence supports the judgment of the trial court, same should not be disturbed by this court.

[7] Appellees, by cross-assignment, complain of the trial court's action in refusing to allow them rents and money that appellee Bush had paid out on the property after the divorce was granted. While Jerry Bush testified that he was evicted from the premises in March or April, 1924, the record is silent as to how long he remained out, or as to whether appellant was occupying the property. Appellant denied that Jerry Bush had paid a note against the property after the divorce. The entire cause of action was heard by the trial court, and while the evidence on both features of the case is somewhat unsatisfactory, we cannot say the judgment of the trial court is not supported by the testimony. We overrule all of appellant's assignments of error, as well as appellees' cross-assignments of error, and the judgment of the trial court is affirmed.