**Jack C. ROGERS, Appellant,**

v.

**Evelyn Young YARBOROUGH, Appellee.**

No. 12–94–00269–CV.

Court of Appeals of Texas,
Tyler.

Feb. 29, 1996.

Rehearing Overruled March 28, 1996.

A.D. Henderson, Palestine, for appellant.

Jack H. Harper, Tyler, for appellee.

RAMEY, Chief Justice.

This is an appeal from a summary judgment supporting the redemption of property after a tax sale. Jack C. Rogers ("Rogers") purchased a tract of land at a tax sale, and Evelyn Young Yarborough ("Yarborough") redeemed the property for herself and other known or unknown owners. Rogers filed an action for a declaratory judgment to estab-

lish that the redemption was not valid under the governing statute, and the court granted Yarborough's motion for summary judgment. We will affirm the summary judgment.

In his sole point of error, Rogers contends that the lower court erred in holding that one owner of an undivided interest in real property that has been sold through a tax sale may redeem the entire tract without the authorization of other owners of undivided interests. Section 34.21 of the Property Tax Code governs the redemption of such property, and the version of that statute in effect at the time of the tax sale in this case provided that "[t]he owner of real property sold at a tax sale may redeem the property within two years after the date on which the purchaser's deed is filed for record by paying the purchaser the amount he bid for the property," plus other specified amounts. TEX.PROP. CODE ANN. § 34.21(a) (Vernon 1992). That section further provided that an owner seeking to redeem the property may do so, even in the face of refusal on the part of the purchaser, by following certain procedures and paying the required sums of money to the county's tax assessor-collector. *Id.,* § 34.21(b).

The facts of this case are not in dispute. Yarborough owned an unknown undivided interest in an 80.6 acre tract of land. Rogers purchased an 83.3% interest in the tract at the sheriff's tax sale, and filed the deed executed by the sheriff in the county deed records in 1991. Within the two year period provided for redemption under Section 34.21(a) of the Property Tax Code, Yarborough tendered an amount to Rogers to redeem the property on two occasions, but he refused the offer both times. After preparing an affidavit stating that Rogers had refused her offer, Yarborough tendered the amount to the tax assessor-collector. The tax assessor issued a receipt of redemption on October 4, 1993, which Yarborough filed with the county deed records.

Rogers then brought suit for a declaratory judgment to have the redemption declared void. Rogers asserted that Yarborough had no right to redeem the land for the owners of the other undivided interests without their written authorization. Both sides filed mo-

tions for summary judgment and partial summary judgment, and the court granted summary judgment for Yarborough, holding that the redemption was valid and that Rogers therefore had no title to the property.

■ Rogers does not complain on appeal that Yarborough failed to meet any of the procedural requirements contained in the statute. The dispute centers on the parties' interpretation of the statute's reference to the "owner" of real property. In his brief on appeal, Rogers claims that the summary judgment "turns on one simple question":

> ... can one undivided interest owner redeem from a purchaser at a tax sale under Section 34.21 of the Property Tax Code all of the property sold at the tax sale ... without any type of authorization from all of the other known or unknown owners of an undivided interest in such property?

Rogers relies solely on *Hill v. Harris,* 49 Tex.Civ.App. 365, 108 S.W. 489 (1908, no writ), to support his argument that one owner of an undivided interest must have the consent of the cotenants to redeem property sold at a tax sale. In *Hill v. Harris,* the Harrises owned a one-eighth interest in a tract of land and redeemed the property from a purchaser who claimed title under a sheriff's deed following a tax sale. As in the instant case, the purchaser refused to accept the payment offered, and the Harrises redeemed the property by filing suit to have the sheriff's deed canceled and annulled and by paying the required amount into the registry of the court. After the purchaser alleged in his answer that the Harrises could not redeem the interests of the other owners, the Harrises filed a pleading in response stating that the first offer was made for all the owners and with their authority. The purchaser then alleged in his pleadings that the Harrises had made the initial offer of payment through a representative who claimed to represent the Harrises alone. The trial court rendered judgment canceling the sheriff's deed based on "the admission in the answers and pleadings of the [Harrises]." The Court of Civil Appeals reversed, opining that "[u]nless authorized by the other joint owners to do so, [the Harrises] had no right

as against the purchaser to redeem their interests."

Yarborough argues that the holding in *Hill* cannot be extended to preclude her redemption of the entire property because the facts behind that court's reasoning are distinguishable. The *Hill* court's holding, she argues, turns on the fact that Hill alleged that the Harrises' representative originally claimed to represent the Harrises only. Yarborough, on the other hand, claims that she tried from the very beginning to redeem the entire property for all of the owners.

The *Hill* opinion has never been cited by another court in a published opinion. In other cases involving the redemption statute, the courts have utilized a more liberal approach. In fact, the trend in the application of the redemption statutes is to construe them liberally. *See Jackson v. Maddox,* 53 Tex.Civ.App. 478, 117 S.W. 185 (1909, no writ); *McGuire v. Bond,* 271 S.W.2d 508, 511 (Tex.Civ.App.—El Paso 1954, writ ref'd n.r.e.); *Bodin v. Gulf Oil Corp.,* 707 F.Supp. 875 (E.D.Tex.1988), *appeal dismissed,* 877 F.2d 438 (5th Cir.1989).

The court in *Jackson v. Maddox* held in favor of a redemption by the heirs of the record owner of property and quoted the United States Supreme Court to emphasize that the courts should "consider any person who has any interest in lands sold for taxes as the owner thereof for the purposes of redemption." *Jackson v. Maddox,* 117 S.W. at 185 (quoting *Dubois v. Hepburn,* 35 U.S. 1, 10 Pet. 1, 9 L.Ed. 325 (1836)). The opinion's quotation of the Supreme Court continues: "[a]ny right which in law or equity amounts to an ownership in the land, any right of entry upon it, to its possession or enjoyment, or any part of it, which can be deemed an estate in it, makes the person the owner so far as it is necessary to give him the right to redeem." *Id.*

*Jackson v. Maddox* may be distinguished from the instant case because the statute governing redemption at that time allowed for redemption by "the owner or anyone having an interest" in the land. *Jackson v. Maddox,* 117 S.W. at 185. Still, the policy considerations underlying the decision call for liberal application of the statute. One

such consideration is that the purchaser at the tax sale buys the property with the knowledge that his title cannot become absolute for two years and therefore "suffers no loss." *Id.*

More recently, the Texas Supreme Court has expressed agreement with this approach and appears to have departed from the holding in *Hill v. Harris* without having directly overruled it. In *Poenisch v. Quarnstrom,* 361 S.W.2d 367 (Tex.1962), one owner of property claimed title over her cotenants after having redeemed the property from a tax sale. The court based its holding in favor of her cotenants on "the general rule ... that when a cotenant redeems property from a tax foreclosure sale, such action is considered as being for the benefit of all co-owners." *Poenisch,* 361 S.W.2d at 372. The case cited by the supreme court in support of this position, *Bush v. Bush,* 275 S.W. 1096 (Tex. Civ.App.—Waco 1925, no writ), states the general rule somewhat differently: a cotenant who *purchases* property at a tax sale does so for the benefit of the other cotenants. The supreme court impliedly recognized, however, that the same policy considerations pertain whether a cotenant purchases the property at a tax sale or redeems the property after the sale.

Though the holdings of *Poenisch* and *Bush* and the policy concerns discussed therein focus on the protection of co-owners of property from the actions of other co-owners, they are germane to the instant case, in which one owner of property sought by her actions to protect her interests and the interests of her fellow owners from the actions of a purchaser. Here, not all of the owners of interests in the property were known, and Yarborough could not readily have secured the authorization of her co-owners to redeem the property for them. That procedure might have required title litigation and could have exceeded the two years permitted by the statute for redeeming property sold at a tax sale. Requiring the authorization of all co-owners would therefore, in some cases, make redemption of the entire property unavailable and defeat the purpose of the redemption statute.

We are persuaded that the policies embodied in the redemption provisions of the Property Tax Code and in the holdings cited above lead to the determination that the redemption of the property by Yarborough was adequate to protect the interests of her co-owners. We hold, therefore, that the term "owner" in Section 34.21 of the Property Tax Code includes any person who has an ownership interest in the property. Such a person may redeem the entire property sold at a tax sale and does so for her own benefit and for the benefit of her cotenants.

Consequently, we overrule Rogers' sole point of error and affirm the decision of the trial court.