In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-350 CV


____________________



JOHN L. FRANKS, Appellant



V.



WOODVILLE INDEPENDENT SCHOOL DISTRICT, TYLER COUNTY


EDUCATION DISTRICT, AND TYLER COUNTY, Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. B-1749






OPINION


 This appeal concerns the procedure for claiming excess funds from a sale of real
property to satisfy a property tax judgment. The trial court ruled that John L. Franks, a
claimant who filed his motion within two years of the tax sale but who did not obtain a
hearing on the motion before the two year period had elapsed, failed to establish his claim
within two years of the sale and was therefore not entitled to the excess funds. Appellant
Franks's four issues assail the trial court's order to disburse the excess funds to the taxing
units, appellees Woodville Independent School District, Tyler County Education District,
and Tyler County. (1) Our construction of the Tax Code recognizes that a claimant must file
a claim within two years of the sale, but does not require the trial judge to sign an order
ruling on the claim within that same period of time. Accordingly, we hold that the trial
court erred in denying the claim on the sole ground that the claim was not timely
established, and remand the case to the trial court for trial on the merits.

 Franks was served as a defendant and appeared in the tax suit. Six other persons
were served and appeared in the suit pro se; another twenty-four individuals were named
and served by posting. The trial court rendered its judgment in April 2000. The judgment
in the tax suit recited that the defendants named in the judgment were the owners of record
or were claiming some right, title, or interest in the property. Thus, the fact that the
taxing units brought Franks into the suit is evidence that Franks claimed some right, title,
or interest in the property, but is not a judicial admission of ownership. At the sheriff's
sale, the property sold to a private entity for $47,175. After payment of the judgment and
fees, the $24,222.55 excess was deposited with the district clerk in October 2000. In
October 2001, Franks filed a motion to disburse the funds to him on the grounds that he
and others owned the property. The motion was amended the following month. Franks
did not set his motion for hearing. The motion was filed in the original suit, and states that
it was served on all counsel of record but does not mention the pro se litigants. On
January 3, 2003, the appellees filed a motion to distribute the excess proceeds to them on
the grounds that no party had established a right to the funds before the second anniversary
of the sale. Copies of the motion were mailed to Franks and the pro se defendants. 
Franks amended his motion to allege that the tax suit involved property owned by Franks
and others, that the excess funds were "awarded to Defendant, John L. Franks and others
for said property and the excess proceeds deposited in the registry of this Court. . . ."
Four family members filed pro se requests for the funds, but these requests were filed
more than two years after the sale. 

 The trial court conducted two evidentiary hearings on the parties' motions. In the
first hearing, the taxing entities produced a judgment and findings of fact from a 1952
lawsuit involving a dispute in the Franks' family over the ownership of three tracts of land. 
The parties agreed that the property involved in the tax suit was one of these tracts. (2) 
According to the findings of fact, the property was conveyed to Horace Franks in 1897 and
was community property held with his first wife, Emma. The property passed by descent
and distribution one-half to Horace's nine children and one-half to Emma's five children. 
Horace's second wife, Jessie, was entitled to occupy the property as a homestead. Johnnie
Lee Franks and wife, Alice Franks, were, according to the findings of fact, entitled to a
1/18th interest in the property at issue in the present litigation. Contemporaneously with
the resolution of the 1952 litigation, Jessie Franks executed a deed transferring her interest
in the property to Johnnie Lee Franks and Alice Franks, who are the appellant's parents. 
Franks testified that he claimed the excess funds because the property was the property of
his grandmother Jessie. However, the 1952 judgment settled that, as to Jessie, the land
now at issue was the separate property of her husband in which she owned nothing more
than a life estate. Franks also testified that he paid taxes on the property from 1980 to
1987. In the second hearing, several professed Franks' family members expressed an
interest in the excess proceeds. The trial court ordered the excess funds to be distributed
to Tyler County Appraisal District and Tyler County. The trial court made no findings on
the merits of the appellant's claim, but concluded that Franks 

 failed to secure a hearing on his claim, failed to present evidence in support
of his claim, and failed to establish entitlement to the proceeds within the
period provided by Subsection (a), §34.03 of the Texas Property Tax Code,
and as required by Subsection (b), §34.03 of the Texas Property Tax Code,
and is therefore not entitled to any of the proceeds. 

 

 The procedures for tax sale and redemption can be found in Chapter 34 of the Tax
Code. See Tex. Tax Code Ann. §§ 34.01-23 (Vernon 2001 & Supp. 2004). (3)
 Proceeds
of a tax sale are applied first to costs, fees and commissions associated with the tax suit
and the tax sale, then to taxes, penalties, and interest, and other expenses and amounts
awarded under the judgment. Tex. Tax. Code Ann. § 34.02 (Vernon Supp. 2004). 
Excess proceeds are paid to the clerk of the court issuing the warrant or order of sale. See
§ 34.02(d). The clerk must keep the proceeds for two years. Tex. Tax. Code Ann. §
34.03(a)(2) (Vernon 2001). A person, including a taxing unit, may file a petition setting
forth a claim to the excess proceeds. Tex. Tax. Code Ann. § 34.04(a) (Vernon Supp.
2004). The petition must be filed before the second anniversary of the date of the sale of
the property. Id. If no claimant establishes entitlement to the proceeds within the period
provided by Section 34.03(a), that is, two years from the date of the sale, the clerk shall
distribute the excess proceeds to the taxing units that participated in the sale. Tex. Tax.
Code Ann. § 34.03(b) (Vernon 2001). Franks argues that in his case Section 34.04 of the
Texas Property Tax Code applies to the exclusion of Section 34.03, so that his claim to the
excess proceeds is not barred by his failure to establish his claim in a court proceeding
within two years of the sale date. The taxing units argue that Franks's failure to secure
a ruling on his claim within two years of the sale triggered the operation of Section
34.03(b). The trial court agreed with the taxing units and ordered the funds to be
distributed to the taxing units solely for this reason. 

 The taxing units ask the Court to consider the statutes' legislative history. The
predecessor to Sections 34.02 through 34.04 of the Property Tax Code appeared in Section
8 of Article 7345b, Texas Revised Civil Statutes. See Act of May 23, 1977, 65th Leg.,
R.S., ch. 481, § 1, 1977 Tex. Gen. Laws 1244, 1244-45, repealed by Act of May 24,
1979, 66th Leg., R.S., ch. 841, § 6, 1979 Tex. Gen. Laws 2217, 2329. Under Article
7345b, the court clerk held the funds for a three-year period, then forwarded the funds to
the State Treasurer, who held the funds in trust for another four years. After the
expiration of four years from the Treasurer's receipt of the funds, the Treasurer transferred
the funds from the trust account to the general revenue unless there was then pending and
not acted upon a petition by a claimant for excess funds. If the claimant did not file a
petition within the four-year period, the claim was barred. With the initial codification of
Sections 34.03 and 34.04 in 1979, the clerk kept the excess proceeds for seven years
before turning the funds over to the State Treasurer; if no claimant established entitlement
to the proceeds within seven years, the clerk transmitted the proceeds to the State
Treasurer for deposit in the general revenue fund. Act of May 24, 1979, 66th Leg., R.S.,
ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2298. A claimant could file a petition within
seven years from the date of the sale of the property, and no claim could be filed after the
expiration of seven years from the date the property is sold; if the trial court found an
entitlement at the hearing, it ordered the proceeds to be paid to the claimant. Id. As part
of a larger property tax reform measure, in 1981 the Legislature amended Section 34.03
to cause the clerk to distribute the excess to the taxing units rather than to the Treasurer. 
Act of August 10, 1981, 67th Leg., 1st C.S., ch. 13 § 132, 1981 Tex. Gen. Laws 117,
169. In 1999, Sections 34.03 and 34.04 were amended to alter the applicable period from
seven to two years. Act of May 26, 1999, 76th Leg., R.S., ch. 1185, §§ 1-2, 1999 Tex.
Gen. Laws 4109. 

 The taxing entities draw two major distinctions between old procedure and new. 
First, they note that Article 7345b stated that the trial court would set the claim for a
hearing, but the Property Tax Code deleted any affirmative action on the part of the trial
court. Second, they note that the Property Tax Code deleted the exception to the escheat
rule for pending claims. The lack of comparable procedures in the current law, the
appellees argue, prevents tolling of the escheat of the excess funds. In reading the statutes,
however, we find that the significant distinction between the 1977 statute and the current
statute is the role of the administrative body receiving the funds. Article 7345b's 
language "unless there is then pending a petition by a claimant of such excess funds not
acted upon" was necessary because at that point in the process the governmental entity
transferring the funds - the State Treasurer - was not the same entity - the district court
- that could award the excess proceeds to a claimant. With the 1979 amendments to the
statute, officers of the same governmental entity - the district court - performed both the
ministerial function of distributing the excess funds and the judicial function of awarding
them. In the procedure established in the Tax Code, no exception is required in order to
maintain judicial power over the funds because the funds remain in the registry of the
court. 

 The taxing units also fail to consider that the distribution of funds by the clerk under
Section 34.03(b) is ministerial but is not automatic and self-executing. The distribution
described in Section 34.03(b) does not involve a judicial determination. The timely filing
of a petition under Section 34.04, however, invokes the trial court's power to determine
the parties' rights to the funds on deposit in the registry of the court. Only the judge, not
the clerk, may determine the claimant's entitlement. Until the trial court determines the
controversy placed at issue by a timely and properly filed petition under Section 34.04, the
ministerial process of distributing the excess funds cannot occur. 

 Section 34.03(b) does not contain a tolling provision, but neither is it a limitations
provision. The sole limitations provision is found in Section 34.04(a). Had no claim been
pending on the second anniversary of the tax sale, the clerk would be authorized under
Section 34.03(b) to distribute the funds to the taxing units. Such a distribution did not
occur because the trial court had a pending claim to the funds on its docket. Because
Franks satisfied the limitations requirement of Section 34.04(a), he is entitled to present
his claim to the trial court for a ruling, and nothing within Section 34.03(b) prohibits the
trial court from considering his petition. Issues one and two are sustained.

 In his third issue, Franks argues that the taxing units cannot participate as claimants
under Section 34.04 unless the unit is owed for taxes, penalties, and interest owing from
the judgment thereafter accruing. We need not resolve this issue because the taxing units
concede that they have not filed claims pursuant to Section 34.04. See Tex. Tax Code
Ann. § 34.04(a) (Vernon Supp. 2004)("A person, including a taxing unit, may file a
petition . . . setting forth a claim to the excess proceeds."). 

 In his final issue, the appellant argues that the trial court erred in failing to award
to him the excess proceeds, and asks this Court to render judgment. The appellees argue,
and we agree, that Franks failed to conclusively establish his entitlement to the excess
funds as a matter of law. The Tax Code provides for priority payment of claims, ending
with "each former owner of the property, as the interest of each may appear." See Tex.
Tax Code Ann. § 34.04(c)(5) (Vernon Supp. 2004). (4) As the claimant, Franks bore the
burden of proof to establish that he is a former owner of the property. Although Franks
traced an ownership interest in the subject property to a tenancy in common held by
Franks's parents, Johnnie Lee Franks and Alice Franks, and other Franks' family
members, Franks failed to trace that interest from his parents to him. There is no evidence
in the record of how Johnnie Lee Franks's estate passed upon his death, and no evidence
that Alice Franks is deceased. Thus, Franks failed to establish his status as a former
owner of the property. The taxing units argue that this failure is grounds for affirming the
judgment. We note, however, that the trial court made findings of fact in this case. See
Tex. R. Civ. P. 296. There is no finding of fact regarding former ownership of or title
to the property. The judgment may not be supported on appeal by a presumed finding
upon any ground of recovery or defense, no element of which has been included in the
findings of fact. Tex. R. Civ. P. 299. Although the trial court made a conclusion of law
regarding Franks's failure to present evidence in support of his claim, that conclusion is
expressly limited to "within the period provided by Subsection (a), § 34.03 of the Texas
Property Tax Code." We resolved that issue in this appeal when we held that Section
34.03 does not preclude a judicial determination of ownership more than two years after
the tax sale. That being the only basis for the taxing units' recovery to have been found
by the trial court, and that basis having been held to be erroneous, we must reverse the
judgment and remand the case to the trial court for a hearing on John L. Franks's claim
to the excess proceeds. (5)

 REVERSED AND REMANDED.

 PER CURIAM


Submitted on February 5, 2004

Opinion Delivered April 1, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Franks frames his issues as follows: (1) "Whether Texas Property [Tax] Code
[Section] 34.03 or 34.04 applied to the hearing on disposition of excess proceeds;" (2) 
"Whether Tex. Property [Tax] Code [Section] 34.04 requires a claimant to "establish" or
file a claim to proceeds within a two-year period;" (3) Whether a taxing authority is
allowed to participate as a "claimant" in a 34.04 proceeding for disbursement of excess
proceeds - when it is owed nothing additional; and (4) Whether the Court abused its
discretion in denying Appellant's Motion for Disbursement of Excess proceeds and
granting Appellees Motion for Disbursement of Excess Proceeds.
2. The property description for the land in question does not close. When compared
to the property description in a deed admitted into evidence by Franks, it appears that the
exhibit may not depict the entire judgment in the 1952 litigation. However, the parties do
not refer to any matter that has been excluded, so we presume the omitted portion of the
1952 judgment is not relevant to the issues in this appeal. 
3. The parties agree that the Code Construction Act guides our analysis. "In enacting
a statute, it is presumed that: (1) compliance with the constitutions of this state and the
United States is intended; (2) the entire statute is intended to be effective; (3) a just and
reasonable result is intended; (4) a result feasible of execution is intended; and (5) public
interest is favored over any private interest." Tex. Gov't Code Ann. § 311.021 (Vernon
1998). Among the matters a court may consider in construing a statute are the: "(1) object
sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative
history; (4) common law or former statutory provisions, including laws on the same or
similar subjects; (5) consequences of a particular construction; (6) administrative
construction of the statute; and (7) title (caption), preamble, and emergency provision."
Tex. Gov't Code Ann. § 311.023 (Vernon 1998). "The heading of a title, subtitle,
chapter, subchapter, or section does not limit or expand the meaning of a statute." Tex.
Gov't Code Ann. § 311.024 (Vernon 1998). "Words and phrases shall be read in context
and construed according to the rules of grammar and common usage." Tex. Gov't Code
Ann. § 311.011(a) (Vernon 1998). Statutory interpretation presents a question of law
subject to de novo review. Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 437
(Tex. 1997). We give no particular deference to the trial court's construction of the statute
because a court has no discretion when evaluating a question of law. See Huie v. DeShazo,
922 S.W.2d 920, 927 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 

4. In 2003, the Legislature retroactively amended Section 34.04(c)(5), which
previously read "to each owner of the property," to apply to all cases pending on the
effective date of the act. See Act of May 15, 2001, 77th Leg., R.S., ch. 1430, § 27, 2001
Tex. Gen. Laws 5109, 5118, Amended by Act of May 28, 2003, 78th Leg., R.S., ch. 319,
§§ 10, 17, 2003 Tex. Gen. Laws 1350, 1355, 1356. 
5. At trial, Franks's counsel suggested that Franks was entitled to all of the excess
proceeds because he was the only one to file a request for the proceeds. The Court's
opinion in this appeal resolves only the issues and parties before it; that is, John Franks's
claim to the excess proceeds on file in the registry of the trial court. Assuming Franks to
be a former owner of the property, whether Franks has a duty to his former tenants-in-common is an issue not addressed in this appeal and unresolved by it. Without
commenting on their applicability to this case, we note those cases holding that a cotenant
who redeems property in his own name redeems it for the benefit of his cotenants.
Poenisch v. Quarnstrom, 361 S.W.2d 367, 372 (Tex. 1962); Rogers v. Yarborough, 923
S.W.2d 667, 670 (Tex. App.--Tyler 1996, no writ); Bush v. Bush, 275 S.W. 1096, 1097
(Tex. Civ. App.--Waco 1925, no writ).