ABN V. TCB

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-292-CV

ABN AMRO MORTGAGE GROUP APPELLANT

V.

TCB FARM AND RANCH LAND INVESTMENTS APPELLEE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

ABN AMRO Mortgage Group (“ABN”) appeals from a summary judgment in favor of Appellee TCB Farm and Ranch Land Investments (“TCB”) and the denial of summary judgment in favor of ABN.  The key issue before us is the superiority of rights between the parties regarding real property sold at a transferred tax lien foreclosure sale.  We reverse the trial court’s summary judgment in favor of TCB and render judgment for ABN.

Background

The essential facts of the case are not in dispute.  In May 2000, Sue Fleckenstein purchased real property at 4300 Mesa Drive in Carrollton, Denton County, Texas.  She and her husband borrowed $197,500 from Greenpoint Mortgage Funding, Inc. and $37,036 from Compass Bank, giving Greenpoint a vendor’s lien and deed of trust and Compass Bank a second lien deed of trust.  On September 6, 2002, the Fleckensteins refinanced the vendor’s lien and the two deeds of trust with ABN for a total loan of $241,000, executing a new deed of trust to ABN as security for the refinancing.  

By mistake, ABN’s deed of trust was not filed of record until October 7, 2003.  In the meantime, the Fleckensteins fell behind on their ad valorem property taxes and arranged for payment of those taxes by Genesis Tax Loan Services, Inc. (“Genesis”).  On July 23, 2003, the Fleckensteins executed a deed of trust to Genesis as security for the payment of their taxes by Genesis. The deed of trust to Genesis recites:

Notice
:  this Lien Is a Transfer Tax Lien Executed Pursuant to Section 32.06 of the Texas Tax Code.  This Lien Is a Superior Lien and Takes Priority over a Homestead Interest in the Property and Takes Priority over the Claim of Any Holder of a Lien on Property Encumbered by this Tax Lien, whether or not the Lien Existed Before Attachment of this Tax Lien.  
See
 Section 32.05 of the Texas Tax Code. 

The Fleckensteins also executed an Affidavit Authorizing Transfer of Tax Lien.  On August 5, 2003, the Denton County Tax Collector certified and transferred its tax lien to Genesis for the payment by Genesis of the delinquent taxes owed by the Fleckensteins.  On September 23, 2003, about two weeks before ABN filed its deed of trust, Genesis filed its deed of trust, the Affidavit, and the Denton County Tax Collector’s certificate of transfer of the tax lien. The Fleckensteins thereafter defaulted on both ABN’s and Genesis’s notes and declared bankruptcy.  Genesis obtained an order lifting the stay in the bankruptcy proceeding and, on December 14, 2003, posted the property for non-judicial foreclosure, notifying all parties claiming an interest, including ABN. On March 2, 2004, Genesis foreclosed on its transferred tax lien and conveyed the property by foreclosure sale deed to TCB for the bid price of $10,680.  TCB recorded its foreclosure sale deed on the same date.  TCB also purchased all remaining rights of the Fleckensteins, who executed a “Deed without Warranty” to TCB, including any rights of redemption held by the Fleckensteins at the time of the foreclosure sale.   

On March 12, 2004, ABN served notice on Genesis that it stood ready to tender the payoff amount of Genesis’s deed of trust pursuant to Section 32.06(f) of the tax code.  On March 22, 2004, ABN tendered to TCB the amount necessary to redeem the property under tax code Section 32.06(i). Both Genesis and TBC refused ABN’s attempted redemption.  

On April 12, 2004, ABN filed this suit against Genesis for wrongful foreclosure and against TCB for a declaratory judgment.
(footnote: 1)  ABN sought to rescind the foreclosure sale deed to TCB and to confirm ABN’s right as secured lienholder to redeem the property from TCB pursuant to Section 32.06(i) of the tax code or, alternatively, to declare that ABN holds an equitable lien in the amount of $234,134.91 and to order sale to foreclose on that lien.  TCB asserted a counterclaim to quiet title to the property and to declare it the owner free and clear of ABN’s lien.  The parties filed cross-motions for traditional summary judgments.  

The trial court denied ABN’s motion for summary judgment and granted TCB’s cross-motion on the ground that Genesis had acquired a valid first lien under Chapter 32 of the tax code and that ABN’s lien was extinguished by the foreclosure sale to TCB, and ordered title quieted in TCB to the property, free and clear of ABN’s lien. 

 

Standard of Review

We review a trial court’s summary judgment de novo.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).  In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.

The Transfer of Tax Lien Statute

On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property.  
Tex. Tax Code Ann.
 § 32.01(a) (Vernon 2001).  An owner of real property may authorize another person (the “transferee”) to pay taxes imposed by the taxing unit.  
Id.
 § 32.06(a)(2)-(a-1) (Vernon Supp. 2005).  When the transferee pays the taxes, the tax collector certifies that the taxes have been paid by the transferee and that the tax lien has been transferred to the transferee.  
Id. § 
32.06(b).  To be enforceable, the transferred tax lien must be recorded.  
Id.
 § 32.06(d).  

The transferee or any successor in interest is entitled to foreclose on the lien.  
Id.
 § 32.06(c).  However, the statute provides the owner and the holder of a first lien with the right to redeem the property from the purchaser at the tax sale. 
 
Id
. § 32.06(i).  The version of Section 32.06(i) in effect when Genesis foreclosed on the transferred tax lien provided for redemption as follows:

The person whose property is sold as provided by this section or 
any person holding a first lien against the property 
is entitled, within one year after the date the property is sold, to redeem the property from the purchaser at the tax sale by paying that purchaser the tax sale purchase price, plus costs, and interest accrued on the judgment to the date of redemption or 118 percent of the amount of the judgment, whichever is less.

Act of May 7, 1995, 74th Leg., R.S., ch. 131, § 1, 1995 Tex. Gen. Laws 957, 958 
amended by 
Act of May 29, 2005, 79
th Leg., R.S., ch. 1126, § 13, 2005 Tex. Gen. Laws 3717, 3720 (current version at 
Tex. Tax Code Ann. § 
32.06(k) (Vernon 2005)) (emphasis added).
(footnote: 2)
Discussion

In its first issue, ABN contends that the trial court erred by granting TCB’s summary judgment and quieting title in TCB on the ground that ABN was not the holder of the “first lien” as provided in Section 32.06(i) and, therefore, not entitled to redeem the property from TCB.  In its second issue, ABN contends that the trial court erred by determining that it was not equitably subrogated to the right of redemption of the prior first lienholders.  Because we hold that ABN’s first issue should be sustained, we need not address its second issue.

In its first issue, ABN argues that under a liberal interpretation favoring rights of redemption, as required by Texas law, its lien is the “first lien” under Section 32.06(i) of the tax code even though its lien was not filed of record when the tax lien was transferred to Genesis, and that it thus had the right to redeem the property upon foreclosure.  Under TCB’s interpretation of the statute, which was accepted by the trial court, the term “first lien” under the statute means first
 recorded
 lien so that, when the Genesis’s lien was recorded first, it took priority over ABN’s lien, making its lien the senior or “first lien,” and ABN’s lien was relegated to junior lien status with no right of redemption under Section 32.06(i).    

Section 32.06(i) does not define the term “first lien.”  However, when a statute is clear and unambiguous, we “should give the statute its common meaning.”  
St. Luke’s Episcopal Hosp. v. Agbor
, 952 S.W.2d 503, 505 (Tex. 1997).  When language in a statute is unambiguous, we will seek the intent of the legislature as found in the plain and common meaning of the words and terms used.  
Id.; In re K.L.V.
, 109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied).  We do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous.
  St. Luke’s Episcopal Hosp
., 952 S.W.2d at 505; 
Cail v. Serv. Motors, Inc.
, 660 S.W.2d 814, 815 (Tex. 1983).  When a statute fails to define a term, we apply and use its plain meaning. 
See 
Tex. Gov’t Code Ann
. § 312.002 (Vernon 2005) (instructing appellate court to use words’ ordinary meanings).  We should not adopt a construction that would render a law or provision meaningless. 
Centurion Planning Corp. v. Seabrook Venture II
, 176 S.W.3d 498, 504 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Nor should we insert words into a statute except to give effect to clear legislative intent.  
Laidlaw Waste Sys., Inc. v. City of Wilmer
, 904 S.W.2d 656, 659 (Tex. 1995).

We disagree that ABN’s prior lien was required to be recorded first in order to be a “first lien” entitling ABN to exercise the right of redemption under § 32.06(i).  Holding that the term “first lien” as used in the statute 
refers only to a lien recorded prior to filing of the transfer tax lien would obviously require us to insert the word “recorded” not contained in the statute.  Moreover, TCB does not explain how the statutory intent would be effectuated by restricting the right of redemption based upon timing of recordation as between the transferee of the tax lien (Genesis, in this instance) and the existing lienholder.    TCB next argues that priority is nevertheless determinative because, under established Texas law, ABN’s lien became a junior lien once Genesis’s lien was recorded first.  Under this theory, ABN’s lien was extinguished when Genesis foreclosed, thereby still precluding ABN from asserting the rights of a first lienholder to redemption under Section 32.06(i).   TCB relies upon the well-established law that, when a senior lienholder forecloses on property subject to its lien, all junior lienholders are divested of title to the property and their liens extinguished, so that the purchaser at the sale takes free of any junior lienholder claims. 
 See Diversified Mortgage Investors v. Lloyd D. Blaylock Gen. Contractor, Inc.
, 576 S.W.2d 794, 808 (Tex. 1978);
 Mays v. Bank One, N.A.
, 150 S.W.3d 897, 900 (Tex. App.—Dallas 2004, no pet.); 
Conseco Fin. Serv. Corp. v. J&J Mobile Homes, Inc.
, 120 S.W.3d 878, 883 (Tex. App.—Fort Worth 2003, pet. denied).  But those cases and that principle do not address rights of redemption.  We agree with our sister court in Beaumont that priority of liens as between claimants does not affect the applicability of a right of redemption as between an existing lienholder and a purchaser at a tax sale.  
See Assocs. Home Equity Servs. Co. v. Hunt, 
151 S.W.3d 559, 562 (Tex. App.—Beaumont 2004, no pet.) (holding principle that foreclosure of senior lien extinguishes junior liens not determinative of effect of redemption on continued validity of deed of trust as lien against property).  

Additionally, the principle of lien priority based upon time of filing does not apply to a tax lien.  A lien for ad valorem taxes imposed by state, county, or city taxing units in Texas is perfected upon attachment on January 1 of each year without further action by the taxing authority. 
 
Tex. Tax Code Ann
. § 
 32.01(d) (Vernon 2001).  Therefore, a tax lien for the 2002 ad valorem taxes attached and was perfected on the Fleckensteins’ property as of January 1, 2002.  Such a tax lien is always senior to and has priority over other liens.
(footnote: 3)  This is so regardless of whether it is timely filed by the taxing authorities.  
See Conseco, 
120 S.W.3d at 881-82 (holding tax liens for 1997-2000 took priority over pre-existing perfected security interest in mobile home by virtue of Section 32.05); 
Cent. Appraisal Dist. of Taylor County v. Dixie-Rose Jewels, Inc
., 894 S.W.2d 841, 843 (Tex. App.—Eastland 1995, no writ) (holding tax lien superior to security interest of secured creditor under Section 32.05 regardless of whether security interest existed before attachment of tax lien and even though taxing authority had taken no action to file lien).   

Specifically, Section 32.05(b) of the tax code provides, in pertinent part:

“[A] tax lien . . . takes priority over the claim of any creditor of a person whose property is encumbered by the lien [and over] the claim of any holder of a lien on property encumbered by the tax lien”

Tex. Tax Code Ann. 
§ 32.05(b) (Vernon Supp. 2005).
(footnote: 4) 
 

Section 32.06(d) does provide that a tax lien transferred as provided in that section “must be recorded to be enforceable.” 
 Id
. § 32.06(d).  However, that section refers to enforcement by the transferee, not the purchaser.  Nothing in that section indicates that recording the transfer of a tax lien converts the tax lien to a “first lien” as that term is used in the redemption statute, so as to give it priority over a prior existing lien.  It already has priority and 
the transferee still holds nothing more than the tax lien, which it is entitled to foreclose either in the manner provided for foreclosure of tax liens or as specified by Section 51.002 of the property code. 
 Id.
 §§ 32.06(c)(1)-(2), 32.06(d).  TCB cites us to no authority that transfer of a tax lien gives the transferee a greater interest than the taxing authority.  Nor is recording necessary to protect the purchaser upon foreclosure.  Upon redemption, the purchaser’s interest is adequately protected by the redemption statute, which guarantees the return of the tax sale purchase price, plus costs and interest or 118 percent of the amount of the judgment, whichever is less.  
Id
. § 32.06(i) (Vernon 2001).    

 Finally, TCB argues that, because ABN had not recorded its deed of trust when the tax lien was transferred to Genesis, ABN’s lien was void as to Genesis  because nothing in the record indicates Genesis had notice of ABN’s prior lien at that time.  TCB relies on Section 13.001(a) of the property code providing an unrecorded deed is “void” as to a subsequent creditor who extends its loan and acquires its lien without notice of the earlier lien.  
Tex. Prop. Code Ann. 
§ 13.001(a) (Vernon 2004).  But  the record affirmatively establishes the contrary, that Genesis had full knowledge by virtue of the statute and as expressly stated in Genesis’s deed of trust that the interest it was acquiring from the Denton County tax authority, in return for its agreement to pay the delinquent taxes, was merely a transfer of the tax lien and was subject to the statutory rights of redemption of the owner and first lienholder.
(footnote: 5)   Nor can we accept TCB’s argument that it was a bona fide purchaser.   ABN had recorded its deed of trust before the foreclosure and sale to TCB, and the notice of sale listed ABN as lienholder.   

Additionally, a purchaser at a tax sale buys with full knowledge that his title may be defeated by redemption.  The right of redemption upon foreclosure and sale for delinquent taxes was made available with the adoption of Article VIII, section 13 of the Texas Constitution in 1876.  
See
 
Tex. Const
. art. VIII, § 13; 
Assocs. Home Equity
, 151 S.W.3d at 561 (citing 22 
David B. Brooks, Texas Practice: Municipal Law and Practice 
§ 9.18 (2
nd
 ed. 1999)).  The right of redemption of an owner or anyone having an interest in the land for a two-year period following foreclosure of a tax lien is provided by tax code Sections 32.06(i) (redemption after foreclosure of transferred tax lien) and 34.21 (redemption of homestead or agricultural land).  
Tex. Tax Code Ann.
 §§ 32.06(i), 34.21 (Vernon 2004). 

A purchaser at a tax sale receives a conditional sale, subject to defeat upon compliance with the redemption laws by those entitled to redeem. 
 State v. Moak, 
146 Tex. 322, 207 S.W.2d 894, 896-97 (1948); 
Assocs. Home Equity
, 151 S.W.3d at 561; 
Reynolds v. Batchelor, 
216 S.W.2d 663, 666-67 (Tex. Civ. App.—Fort Worth 1948, writ ref’d n.r.e.) (holding title acquired at tax sale is an estate on condition subject to defeat by redemption).  Thus, a purchaser at a tax sale buys with knowledge of the statutory rights of redemption.  
Rogers v. Yarborough, 
923 S.W.2d 667, 669 (Tex. App.—Tyler 1996, no writ) (holding that under prior version of Section 34.21, purchaser buys with “knowledge that his title cannot become absolute for two years”)
;
 Jackson v. Maddox
, 117 S.W. 185, 185 (Tex. Civ. App.—Fort Worth 1909, no writ) (holding purchaser at tax sale “suffers no loss.  He buys with full knowledge that his title cannot be absolute” until redemption period expires). 

The redemption provision of Section 32.06 mitigates the harsh effect of a transferred tax lien foreclosure by allowing the holder of a “first lien,” in addition to the owner of the property, a specified period of time to redeem the property from the purchaser after sale upon foreclosure of the transferred tax lien.   It is well settled that statutes granting redemption rights upon foreclosure of tax liens are to be construed liberally in favor of the right of redemption.  
Rogers
, 923 S.W.2d at 669 (holding policy considerations embodied in redemption provisions of tax code call for liberal construction); 
T & M Sales & Envtl. Sys., Inc. v. LSS Invs.
, No. 13-03-659, 2005 WL 2785603, at *5 (Tex. App.—Corpus Christi 2005, no pet.) (mem. op.) (applying liberal construction of term “owner” to hold mortgagee possessed right of redemption under similar statute); 
Macha v. Carameros
, 674 S.W.2d 491, 493 (Tex. App.—El Paso 1984, no writ) (noting public policy favors liberal interpretation of statutes providing right of redemption).  “Statutes favoring redemption are to be liberally construed; for the sale of land for taxes is the nearest approach to tyranny that exists in a free government, and whatever tends to modify its severity is favorable to the citizen and to rights of property and to justice.”  
Jackson
, 117 S.W. at 186.

We agree with ABN that, as a matter of law, 
its lien is a “first lien” under Section 32.06(i) of the tax code and was not extinguished by the foreclosure or sale to TCB.  We hold that the trial court erred in granting summary judgment for TCB and denying summary judgment to ABN as the first lienholder entitled to exercise the right of redemption under that statute and, further, that TCB was not entitled to have title quieted in it, free and clear of ABN’s lien.  We sustain ABN’s first issue, reverse the judgment in favor of TCB and render judgment in favor of ABN.

Conclusion

Having sustained ABN’s first issue and not reaching its second issue, we reverse those parts of the trial court’s judgment that pertain to ABN’s request for declaratory relief on its right to redemption
(footnote: 6) and to TCB’s claim to quiet title,
(footnote: 7) and render judgment for ABN, declaring that ABN has the right to redeem the property under the relevant version of Section 32.06(i) tax sale by paying TCB the tax sale purchase price, plus costs, and interest accrued on the judgment to the date of redemption or 118 percent of the amount of the judgment, whichever is less.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED: July 27, 2006

FOOTNOTES
1:
ABN also named M. Suzanne Frossard as a defendant.  The trial court granted summary judgments to Genesis and Frossard.  This court has granted a motion to dismiss, filed jointly by Genesis and Frossard, as to those parties.  

2:
The current version of Section 32.06 requires the tax lien transferee to provide notice of the foreclosure to all recorded lien holders, expands the redemption period to two years for homestead property, and allows any prior recorded lien holder to redeem the property during those two years.  
Tex. Tax Code Ann. § 
32.06(i), (k) (Vernon Supp. 2005).

3:
The tax code does not classify a tax lien as a “first lien.”  Rather, the Texas Constitution classifies a tax lien as an inextinguishable “special lien” which must be paid to the sovereign.  
Tex. Const
. art. VIII, § 15; 
see Enell Corp. v. Longoria
, 834 S.W.2d 132, 134 (Tex. App.—San Antonio 1992, writ denied).  

4:
The statute provides for limited exceptions to the priority of tax liens, but those exceptions are not relevant to this case.  
See
 
id.
 § 32.05(c).

5:
Additionally, we note that TCB’s motion for summary judgment was a traditional, not a “no evidence,” motion, so that absence of evidence cannot in any event support affirmance as to its judgment.  
See
 
Tex. R. Civ. P.
 166a(c), (i).

6:
Numbered paragraphs 3 and 4 on the second page of the trial court’s judgment.

7:
Numbered paragraphs 1 and 2 on the third and fourth pages of the trial court’s judgment.