**L. L. McGUIRE, Appellant,**

**v.**

**George BOND et al., Appellee.**

**No. 5043.**

Court of Civil Appeals of Texas.
El Paso.

July 23, 1954.

Rehearing Denied Sept. 22, 1954.

L. L. McGuire, Dallas, for appellant.

Turpin, Kerr & Smith, Midland, for appellee.

McGILL, Justice.

Appellant, a purchaser at a tax sale of certain described lands in Reeves County, as plaintiff, brought this suit against appellees as defendants to remove cloud cast on his title by reason of appellees' attempt to redeem the property from such sale. Trial to the court without a jury resulted in a "take nothing" judgment against plaintiff. A further statement taken from appellant's brief will be helpful to an understanding of the points involved:

"Suit by McGuire, plaintiff and appellant, purchaser at Sheriff's sale of 390 acres of land sold under judgment foreclosing tax liens; against George Bond, tax attorney, Ruby White, Bond's employee; M. P. Goes, real estate agent employed by one of the defendants in tax suit filed and judgment taken by Bond foreclosing the tax lien on the 390 acres of land.

"Relief sought by McGuire is: Cancellation and removal as a cloud on his title of two deeds purporting to convey the 390 acres of land and right

510

of redemption thereto, from M. W. McFarlin to Ruby White, an affidavit of Ruby White and the Reeves County Tax Collector that the lands had been redeemed from tax sale; or in alternate that the acquisitions of title of all defendants except McFarlin be adjudged an involuntary trust and transferred to McGuire. Also sought is cancellation of deed from McGuire to McFarlin and for damages against all defendants for their unlawful redemption attempt. This is not a trespass to try title suit."

The court filed elaborate findings of fact and conclusions of law. Those deemed material to a disposition of this appeal will be hereafter referred to.

■ The first and second points are that the court erred in not holding that any right of redemption or title in the lands that Bond and White might have acquired by virtue of the deeds to them from M. W. McFarlin inured to the tax purchaser, McGuire, and not adjudging void and cancelling the deeds and right of redemption that Bond and White acquired from M. W. McFarlin because Bond and White were attorney and employee under a tax collection contract with the State of Texas and Reeves County, and conducted the tax foreclosure and sale that resulted in the McGuire purchase. The theory on which appellant relies is that it is against public policy for an attorney having a contract to collect delinquent taxes for the state and county, or his employee, to purchase the right of redemption from the owner of the property on which the attorney had foreclosed a tax lien for the state and county by suit resulting in a judgment and sale of the property, and to redeem such property from the purchaser at the tax sale. We are unable to see how any question of public policy is involved. It may be conceded that such attorney would be disqualified from purchasing such property at the tax sale. As representing the taxing unit his interest should be that the property bring the best price obtainable at the tax sale, whereas as, a purchaser his interest

would be to get the property for the lowest price obtainable. These conflicting interests would certainly disqualify the attorney from bidding at the tax sale. See Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188, writ denied, and cases there cited. However, when the property has been sold at the tax sale we cannot see how the tax attorney and a fortiori his employee, in purchasing the equity of redemption, is acting in any way antagonistic to the taxing unit. It would have to be assumed that he had induced the purchaser at the tax sale to bid less than he otherwise would have bid so that the property might be redeemed for less. Such assumption is unwarranted. Even if it could be indulged in it would apply to any purchaser of the equity of redemption as well as to the attorney or his employee. The mere fact that the attorney and his employee through his employment learned that the property had been sold at a tax sale and who owned the equity of redemption, should not disqualify them from redeeming it. There is no fiduciary relationship between the attorney and the purchaser at the tax sale. The attorney owes such purchaser no duty. It is our conclusion there is no public policy which would render void or voidable the purchase of the equity of redemption by Miss White after the tax sale, or the exercise of the right to redeem by her.

■ The court found that under the conveyances to her of the equity of redemption the defendant Ruby White deposited with the Tax Collector of Reeves County, Texas, her personal checks in the aggregate amount exceeding the amount required to redeem the lands involved in this suit from the tax sale made to plaintiff; that at all times Ruby White had on deposit in the bank on which such checks were drawn adequate and more than sufficient funds to provide payment to the Tax Collector of Reeves County, Texas, of the amount of such checks; that such checks were afterwards presented to the bank on which they were drawn and paid on presentation, and that Ruby White did not request the Tax Collector to withhold payment of such checks. The uncontroverted evidence shows that

such checks were deposited with the Tax Collector prior to the expiration of the redemption period, but were not presented to the bank on which they were drawn for payment until after the expiration of such period. A point is made that the delivery of a personal check to the Tax Collector was insufficient to effect a redemption. We think this point would be good had appellant relied on it. He did not. His position was that appellee did not have the right to redeem because of her connection with the tax suit. Appellant thereby waived his right to complain of the medium of payment to the Tax Collector. Had he objected on this ground the checks could and no doubt would have been cashed and the money made available to him during the redemption period. We think he is estopped from defeating the redemption on this ground. Furthermore, it has been held that acceptance within the redemption period by the proper official, of a check, sufficient funds being in the bank to pay it and it being paid in due course, is sufficient. See Annotation 118 A.L.R. 588.

Appellant was in no way prejudiced by the fact that payment to the tax collector was evidenced by personal checks of Miss White. This point is overruled.

■ Appellant offered evidence to prove that Clara McFarlin, deceased defendant in the tax suit, never owned an interest in the land in question, and hence appellee acquired no interest therein from M. W. McFarlin, who had succeeded to any interest that Clara McFarlin may have had in the property. This evidence was excluded. It was immaterial. Art. 7341, R.S. provides:

It shall be sufficient that the owner of the land at the time of the tax sale had a paper title to such land when such sale was made; that the existence of such fact shall be sufficient prima facie evidence of ownership to entitle the party so claiming ownership to the right to redeem, and he shall not be required to deraign title from the sovereignty of the soil.

The trial court found that Clara H. McFarlin was alive at the time of the tax sale and had record paper title to the land at such time. This finding is not assailed. Therefore, Clara H. McFarlin, under the express terms of the statute, had the right to redeem the property. Appellant would restrict such right to her alone, and deny it to her heir and assign. No such restriction is warranted. Redemption statutes are liberally construed in favor of the right of redemption. 51 Amer.Jur. par. 1106, p. 959.

The right is not personal to the owner at the time of the tax sale; it is a statutory privilege which passes to the heir of the owner in the same manner as the land itself, id. It passed to M. W. McFarlin as heir of Clara H. McFarlin, as well as by her deed to him and by her will, and it passed to Ruby White by M. W. McFarlin's deed. We overrule this point.

■ The court found that plaintiff wholly failed to connect his claim of ownership of the lands to the sovereignty of the soil. Appellant contends that it was not necessary that he so connect his ownership. The rule seems to be elementary that in a suit involving title to land the plaintiff must recover on the strength of his own title and not on the weakness or lack of title of his adversary. 41-A Tex.Jur. p. 665, Sec. 138.

Therefore, since appellant proved no title in himself other than that which he acquired by the tax sale, the court did not err in rendering judgment against him.

■ The court excluded appellant's request for admissions under Rule 169, Texas Rules of Civil Procedure. If this were error it was harmless error. Appellant does not point out any injury that resulted to him by the action of the court in refusing to admit the request for admissions. He had proved that Clara McFarlin was the record owner of the property at the time of the tax sale. As we have held, the fact that she owned no interest therein, if true, was immaterial insofar as appellees' right to redeem is concerned. The request for admissions and answers thereto, if considered, would in no way benefit appellant. We overrule this point.

■ Appellant next complains because the court failed to find that George Bond would have profited had the redemption been successful. If he would have profited we think this fact would in no way affect the validity of the redemption. This point is overruled.

■ The same may be said about the contention that evidence showing that George Bond and Ruby White were jointly conducting a real estate business for their mutual profit, dealing in lands, including the lands here involved, and of other points tending to show Ruby White's connection with the court proceedings in cause No. 428-E, the tax suit. Plaintiff had deeded a half interest in the land to M. W. McFarlin when he entered into a contract with McFarlin to file suit jointly with him against White to recover the land. When this contract was cancelled by mutual consent McFarlin refused to return the deed. Appellant seeks to have this deed cancelled by this court. Since we have held that appellant has no interest in the land because of its redemption, his request that this deed be cancelled is denied.

What we have said sufficiently disposes of appellant's claim for damages for his time and expenses incurred in preparing for trial and trying this suit. Such claim was properly denied.

The judgment is affirmed.