**Reversed and Remanded and Memorandum Opinion filed February 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00781-CV

---

## ST. ANDREWS INVESTMENT COMPANY, LLC, Appellant

### V.

## MANUEL VALDEZ, Appellee

---

**On Appeal from the 441st District Court
Midland County, Texas
Trial Court Cause No. CV54888**

---

### M E M O R A N D U M   O P I N I O N

Under the Tax Code, an owner of certain real property sold at a tax sale has a statutory right to redeem the property by paying the purchaser the bid price plus other defined amounts. *See* Tex. Tax Code § 34.21(a). The present appeal arises from an attempted redemption, and we are tasked to determine who may be considered the property's "owner" for purposes of exercising the redemption right.

A taxing authority filed suit against Raymond Sturgeon for delinquent taxes owed on Sturgeon's homestead. Appellee and plaintiff below, Manuel Valdez,

purchased the property at a tax foreclosure sale. After the sale, Sturgeon's heirs transferred their property redemption rights to appellant St. Andrews Investment Company, LLC, which promptly exercised the right of redemption. Valdez sued St. Andrews for declaratory judgment and filed a traditional summary judgment motion, asserting that St. Andrews was not the property "owner" and for that reason lacked the right to redeem. The trial court granted the motion. We conclude, however, that Valdez failed to prove conclusively that St. Andrews did not possess the right to redeem the property. We reverse the trial court's judgment and remand the case for further proceedings.

## Background

Sturgeon owned real property in Midland, Texas (the "Property"). The Midland Central Appraisal District filed suit against Sturgeon for non-payment of taxes on December 1, 2016. Pursuant to an order of sale rendered in the foreclosure lawsuit, the sheriff sold the Property on September 5, 2017. Valdez purchased the Property at the tax sale, and he subsequently recorded his deed on September 28, 2017.

Under the Tax Code, Sturgeon had the right to redeem the Property if he paid the purchaser, Valdez, a certain amount of money prescribed by statute. *See* Tex. Tax Code § 34.21(a). The time period in which to exercise that right, under the present circumstances, expired on the "the second anniversary of the date on which the purchaser's deed is filed for record," or September 28, 2019. *Id.*

Sturgeon died in April 2018, during the first year of the redemption period. A few months later, Sturgeon's heirs executed two documents in favor of St. Andrews: a "Relinquishment of Redemption Rights," and a "Special Warranty Deed." In these documents, the heirs "relinquish[ed] . . . to St. Andrews" their right of redemption to the Property and "grant[ed], [sold], and convey[ed] to [St.

2

Andrews] the Property, together with all and singular the rights and appurtenances thereto in any way belonging," including "[a]ll common law, statutory and constitutional Rights of Redemption relating the [Property] pursuant to any tax sale on such property." According to exhibits attached to Valdez's petition, in July 2018, St. Andrews filed an affidavit of redemption with the tax assessor's office. The taxing authority issued a redemption receipt, acknowledging receipt of a check from St. Andrews tendered for purposes of redeeming the Property.[1] In his summary judgment motion, Valdez further states that on September 19, 2018, an amended redemption certificate was issued reflecting St. Andrew's supplemental payment of additional ad valorem taxes that had accrued since Valdez purchased the property.[2]

Valdez sued St. Andrews, seeking, as relevant to this appeal, declarations that: St. Andrews did not obtain a valid statutory right of redemption; the attempted redemption of the Property by St. Andrews was ineffective as a matter of law; and Valdez owned fee simple title to the Property.

Valdez filed a motion for traditional summary judgment on the sole ground that, for St. Andrews to have an exercisable right of redemption, St. Andrews had to "own"—i.e., hold title to—the Property either when the taxing authority filed suit against Sturgeon or when the Property was sold at the tax sale. *See* Tex. Tax Code § 34.22(a) ("A person asserting ownership of real property sold for taxes is entitled to redeem the property if he had title to the property . . . either at the time suit to foreclose the tax lien on the property was instituted or at the time the

---

[1] The affidavit of redemption and the clerk's redemption receipt are not attached to Valdez's summary judgment motion. St. Andrews has not disputed Valdez's allegations based on the documents.

[2] We see no record evidence supporting these facts, but we assume their truth because Valdez asserts them in his motion without dispute.

property was sold."). Valdez acknowledged that Sturgeon's heirs "could have exercised rights of redemption . . . because they 'owned' an interest in the property under the laws of intestacy upon the death of Mr. Sturgeon, in April 2018." However, according to Valdez, St. Andrews could not be considered the owner of the Property, and thus the person entitled to redeem, under section 34.22 because St. Andrews did not acquire the right of redemption from the heirs until after the tax sale. Valdez sought a judgment declaring that he has marketable title to the Property, that St. Andrews never had a right of redemption under the statute, and that St. Andrews's attempted redemption failed as a matter of law, as well as an order removing the encumbrance (i.e., St. Andrews's attempted redemption) from Valdez's title.

The trial court granted summary judgment in Valdez's favor and specifically ruled in the order that St. Andrews, at the time it attempted to exercise a right of redemption, did not qualify as a previous owner under the Tax Code as a matter of law and thus had no right to redeem the Property. The court ordered and declared that the Certificate of Redemption executed and delivered to St. Andrews is void and of no legal force and effect, that the Certificate of Redemption constitutes a cloud and encumbrance on Valdez's title to the Property and is to be removed from Valdez's title, and that Valdez has fee simple in and title to the Property.

St. Andrews appealed.

**Analysis**[3]

In four related issues, St. Andrews challenges the trial court's determination that St. Andrews had no valid right of redemption and the court's judgment in Valdez's favor.

**A.     Standard of review**

We review a trial court's order granting a traditional summary judgment de novo. *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

To be entitled to a traditional summary judgment, the movant must show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant does so, the burden shifts to the nonmovant to present to the trial court any issue that would preclude summary judgment. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 229 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). If the movant fails in its initial summary judgment burden, then the burden to raise a material and genuine fact question never shifts to the nonmovant. *See Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 4 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014)). If the issue raised is based on undisputed and unambiguous facts, as in this case, the appellate court determines the question

---

[3] The Supreme Court of Texas transferred this case to our court from the Eleventh Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Eleventh Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

5

presented as a matter of law. *Johnston v. Crook*, 93 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

In reviewing the summary judgment, we consider only grounds that were expressly set forth in the motion. *Lyda Swinerton Builders*, 409 S.W.3d at 229.

## B. The statutory right of redemption

By statute, an owner may redeem real property purchased at a tax sale by paying certain amounts within a prescribed period of time after the purchaser's deed is recorded. *Sorrell v. Estate of Carlton*, 593 S.W.3d 167, 168 (Tex. 2019). Redemption timing and procedures are governed by Tax Code sections 34.21 and 34.22 and depend on the owner's use and whether the property was sold to a taxing unit or other purchaser. *See generally* Tex. Tax Code §§ 34.21-.22.

Relevant here, the owner of real property that was used as the owner's residence homestead that is sold at a tax sale to a purchaser other than a taxing unit may redeem the property on or before the second anniversary of the date on which the purchaser's deed is filed for record by paying the purchaser a prescribed amount of money.[4] *Id.* § 34.21(a). A person asserting ownership of real property sold for taxes is entitled to redeem the property if he had title to or possession of the property either at the time suit to foreclose the tax lien on the property was instituted or at the time the property was sold. *Id.* § 34.22(a). But, "[a] defect in the chain of title to the property does not defeat an offer to redeem." *Id.*

---

[4] The redemption amount equals "the amount the purchaser bid for the property, the amount of the deed recording fee, and the amount paid by the purchaser as taxes, penalties, interest, and costs on the property, plus a redemption premium of 25 percent of the aggregate total if the property is redeemed during the first year of the redemption period or 50 percent of the aggregate total if the property is redeemed during the second year of the redemption period." Tex. Tax Code § 34.21(a).

6

The right of redemption "is not personal to the owner at the time of the tax sale." *McGuire v. Bond*, 271 S.W.2d 508, 511 (Tex. App.—El Paso 1954, writ ref'd n.r.e.). Rather, it is a "statutory privilege," which may be passed from the owner to an heir by deed or by will. *See id.* For instance, in *McGuire*, the title owner of real property passed her right of redemption to her heir, who then passed it by deed to another party, who ultimately redeemed the property after a tax sale. *Id.* Upon the purchaser's challenge to the redemption, the appellate court held the redemption was proper, rejecting the purchaser's attempt to restrict the right of redemption solely to the person who held title to the property at the time of the tax sale. *Id.*

We construe the applicable statutory provisions broadly in favor of redemption. *See Sorrell*, 593 S.W.3d at 173 ("Texas courts have favored redemption over forfeiture since 1909. In 1932, we acknowledged this favoritism as the recognized rule.") (internal footnote and quotation omitted); *see also Jensen v. Covington*, 234 S.W.3d 198, 203 (Tex. App.—Waco 2007, pet. denied), *abrogated on other grounds by Sorrell*, 593 S.W.3d at 173; *ABN AMRO Mortg. Grp. v. TCB Farm & Ranch Land Invs.*, 200 S.W.3d 774, 780 (Tex. App.—Fort Worth 2006, no pet.); *UMLIC VP LLC v. T&M Sales & Envtl. Sys.*, 176 S.W.3d 595, 607 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Rogers v. Yarborough*, 923 S.W.2d 667, 669 (Tex. App.—Tyler 1996, no writ). A purchaser at a tax sale buys with knowledge that his title may be defeated by the original owner's statutory right of redemption. *Jensen*, 234 S.W.3d at 203-04; *ABN AMRO Mortg.*, 200 S.W.3d at 780. In fact, the sheriff's deed transferring the property to Valdez as a result of the tax sale states as much.[5]

---

[5] The deed states that the sheriff grants the Property to Valdez, "subject, however, to the DEFENDANT(S) in the TAX FORECLOSURE LAWSUIT rights to redeem the same in the

7

## C.    Application

The parties agree on at least two material points:  that Sturgeon's heirs acquired the right of redemption upon Sturgeon's death; and that, until recently, rights of redemption were freely transferable.[6]  Nonetheless, Valdez argues that the transfer from the heirs to St. Andrews simply came "too late" to be effective.

The crux of Valdez's argument is his interpretation of the term "owner" in section 34.22 for purposes of exercising the redemption right.  According to Valdez, only a person who "had title to the property" at one of two operative dates—the institution of a foreclosure suit or the tax sale—may be considered the "owner" entitled to redeem a foreclosed property.  *See* Tex. Tax Code § 34.22(a) ("[A] person asserting ownership of real property sold for taxes is entitled to redeem the property if he had title to the property . . . either at the time suit to foreclose the tax lien on the property was instituted or at the time the property was sold.").  Because St. Andrews did not acquire any ownership rights from Sturgeon's heirs until after the tax sale, Valdez contends that St. Andrews may not be considered the "owner" of the Property and has no valid right of redemption.

We disagree.  When the legislature does not define a statutory term, we generally apply its ordinary meaning.  *See* Tex. Gov't Code § 312.002(a); *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006).  An owner is

---

manner prescribed by law, and to such and further conditions and stipulations as may be applicable under the provisions of TEXAS TAX CODE Chapter 34."

[6] In 2019, the legislature amended section 34.21 to prohibit the transferability of redemption rights.  *See* Tex. Tax Code § 34.21(*l*) (West 2019) ("An owner of real property who is entitled to redeem the property under this section may not transfer the owner's right of redemption to another person.  Any instrument purporting to transfer the owner's right of redemption is void.").  However, the change in law did not affect a transfer of a property owner's right of redemption that occurred before the effective date of the legislative act, which was June 14, 2019.  *See* Act of May 22, 2019, 86th Leg., R.S., ch. 1345, §§ 2-3.  Because the transfer in this case occurred in 2018, subsection *l* does not apply.

"[s]omeone who has the right to possess, use, and convey something," and ownership means "[t]he bundle of rights allowing one to use, manage, and enjoy property, including the right to convey it to others. . . . Ownership rights are general, permanent, and heritable." *Owner*, *Ownership*, Black's Law Dictionary (11th ed. 2019).

There is no question that Sturgeon was the owner of the Property from 1979 until his death in 2018. After the Property was sold at a tax sale in 2017, Sturgeon, as the owner of that property under section 34.21, had two years after Valdez's deed was filed for record to redeem the Property. *See* Tex. Tax Code § 34.21(a). In order to be entitled to redeem the Property, he would have had to show, under section 34.22, that he had title to the Property when the taxing authority filed the foreclosure suit or when Valdez purchased the Property at the tax sale, which he undisputedly did. *Id.* § 34.22(a). Within that two-year period, Sturgeon died and his right of redemption passed to his heirs, as Valdez concedes. *McGuire*, 271 S.W.2d at 511 (right of redemption "passes to the heir of the owner in the same manner as the land itself"). The right of redemption was not restricted to the heirs alone, and they were free to pass the right to their assign or their grantee, which they did, also within the two-year redemption period. *See id.*

The parties characterize the heirs' transfer of their right of redemption as an assignment.[7] By virtue of the assignment, St. Andrews stepped into the heirs' shoes and acquired their right of redemption. *See Burns v. Bishop*, 48 S.W.3d 459, 466 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("It is axiomatic that an assignee or subrogee walks in the shoes of his assignor."); *Thweatt v. Jackson*, 838

---

[7] The transfer also could be considered a conveyance because the heirs executed a deed granting the Property and the associated property rights to St. Andrews, and St. Andrews paid consideration to the heirs. *See Conveyance*, Black's Law Dictionary (11th ed. 2019) ("The voluntary transfer of a right or of property.").

S.W.2d 725, 727 (Tex. App.—Austin 1992) ("[I]t is axiomatic that an assignee . . . stands in the shoes of the assignor and obtains the right, title, and interest that the assignor had at the time of the assignment."), *aff'd*, 883 S.W.2d 171 (Tex. 1994).

Accordingly, even though St. Andrews did not hold title to the Property on the date of the tax sale, it obtained a valid right of redemption from the heirs of the person who did. Thus, Valdez, as the summary judgment movant, failed to establish conclusively that St. Andrews is not considered an "owner" for purposes of section 34.21 and is not entitled to exercise the right of redemption to the Property. His argument rests on the purported non-transferability of redemption rights, but he cited no supportive authority in his motion, and the cases explicitly or implicitly addressing the issue are decidedly to the contrary. *See Little v. Dennis*, 187 S.W.2d 76, 77, 79 (Tex. 1945) (petitioner who acquired interest in land after tax sale but before expiration of redemption period had "the right to redeem the land"); *Jackson v. Maddox*, 117 S.W. 185, 185 (Tex. App.—Fort Worth 1909, no writ) (noting that "it comports with the words and spirit of the law to consider any person who has any interest in lands sold for taxes *as the owner* thereof for the purposes of redemption") (emphasis added); *see also McGuire*, 271 S.W.2d at 511 ("Appellant would restrict such right to [the original owner] alone, and deny it to her heir and assign. No such restriction is warranted."). Were redemption rights not transferable in 2018 and earlier, there would have been little utility in the Legislature's action last session prohibiting the practice. Courts do not presume the Legislature did a useless act. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981); *see also Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 418 (Tex. App.— Houston [14th Dist.] 2008, no pet.). For purposes of section 34.22, all St. Andrews was required to show was some connection to the prior title holder at one of the

two operative dates. *See UMLIC VP LLC*, 176 S.W.3d at 607 ("To redeem, a party need only show 'some connection with the title, past or present, by deed, descent, contract, or possession.'") (quoting *Jackson*, 117 S.W. at 185). There is no dispute that St. Andrews acquired the heirs' right of redemption by conveyance or assignment, which is sufficient to show "some connection" to Sturgeon's prior title.

The trial court therefore erred in granting summary judgment to Valdez based on its conclusion that St. Andrews was not entitled to redeem the Property because it was not considered an owner under the statute. Because this was the sole basis for the trial court's ruling, we sustain St. Andrews's first two issues and reverse the court's judgment.[8] We express no opinion as to whether St. Andrews complied with the redemption statute's other requirements. Nor do we hold that St. Andrews is entitled to judgment as a matter of law, because it did not file a cross-motion seeking that relief.

## Conclusion

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

/s/    Kevin Jewell
Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

---

[8] In its third and fourth issues, St. Andrews argues that the trial court erred in declaring that Valdez holds fee simple title and that St. Andrews's attempted redemption constituted a cloud on that title. According to St. Andrews, Valdez solely pleaded a declaratory judgment suit, and a determination of title is not proper for a declaratory judgment action. Given our disposition of St. Andrews's first two issues, and our reversal of the trial court's judgment, we need not address St. Andrews's final two issues. *See* Tex. R. App. P. 47.1.

11